A99A1968. PHILLIPS et al. v. WALLS et al.
A99A1969. McKEEHAN et al. v. WALLS et al.
(529 SE2d 626)

BARNES, Judge.

These actions arose from a car wreck in which two children died. The wreck occurred when a truck driver ran the stop sign at an intersection of county and state roads, crashing into a van in which the two children were riding. The parents of the deceased children sued and then settled with the truck driver, truck owner, van driver, van owner, and the Georgia Department of Transportation. The parents also sued the four Barrow County employees who are parties to this appeal and the truck driver's employers. The trial court granted summary judgment to the truck driver's employers, leaving only the four Barrow County employees as defendants. The truck driver's employers are not parties to this appeal. The appellants in these companion cases appeal the grant of summary judgment to the defendant county employees. We affirm on the grounds that two of the employees are entitled to official immunity and two of the employees are entitled to summary judgment based on the evidence presented to the trial court.

The complaint alleged that the four county employees negligently failed to inspect the county road on which the truck driver was traveling. A proper inspection, the plaintiffs contend, would have revealed that vegetation obscured "any traffic control devices on the road." The only traffic control device addressed in the summary judgment motion was a "stop ahead" sign. The complaint further alleges that the defendants failed to monitor the accident history of the intersection, contrary to established conventions. The complaint identifies the four defendants by name only; it does not indicate whether they are being sued in their individual or official capacities.

The trial court granted summary judgment to the employees, finding first that the DOT controlled and maintained the intersection and stop signs where the wreck took place. Therefore, the court held, the evidence failed "as a matter of law to show that these defendants breached any legal duties owed to the plaintiffs in regard to the repair or maintenance of the intersection. . . ."

Second, regarding the "stop ahead" sign on the county road on which the truck was traveling, the trial court found that the evidence showed the defendants had inspected and maintained the sign in a reasonable manner; that no evidence showed the defendants had notice of any defective conditions; and that no evidence showed that the truck driver could not have seen the sign due to any defective conditions.

Finally, the trial court held that,

> [e]ven assuming there was some evidence the condition of the stop ahead sign had some connection with [the truck driver's] failure to obey the stop sign at the intersection ahead, these defendants are protected from liability by sovereign immunity and official immunity.

On appeal, the plaintiffs argue that the trial court erred in finding that the defendants are entitled to immunity, in finding that no significant factual issues remain, and in striking an affidavit tendered to support their opposition to the defendants' motion for summary judgment.

In reviewing the grant or denial of summary judgment, this court conducts a de novo review of the evidence. *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432) (1996). As the movant for summary judgment, the county employees had the burden to show there was no genuine issue of material fact for trial and that the undisputed facts, viewed in the light most favorable to the plaintiffs, warranted judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

1. We first consider whether the trial court correctly held that

the four employees, who were sued individually, are entitled to official immunity from claims brought against them in their personal capacities. The 1991 amendment to the Georgia Constitution provides that such officials

> may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions.

Art. I, Sec. II, Par. IX (d), Ga. Const. (1983). In other words, public officials are immune from damages that result from their performance of discretionary functions, unless those functions were undertaken with malice or intent to cause injury. *Schmidt v. Adams*, 211 Ga. App. 156 (438 SE2d 659) (1993). The plaintiffs here do not allege that any of these four county employees acted with malice or intent to cause injury, so if the damages complained of arise from discretionary actions, the employees have official immunity. If the damages arise from the performance or nonperformance of ministerial duties, the employees do not have official immunity.

"The decision of whether acts of a public official are ministerial or discretionary is determined by the facts of the particular case." *Nelson v. Spalding County*, 249 Ga. 334, 336 (2) (a) (290 SE2d 915) (1982).

> A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.

*Stone v. Taylor*, 233 Ga. App. 886, 888 (2) (506 SE2d 161) (1998). Appellants contend that the defendants negligently failed to inspect the county road "pursuant to established policy," which would have revealed that vegetation obscured the "stop ahead" sign, and that the defendants failed to monitor the accident history of the intersection "in contravention of established policy." While the act of establishing a policy in the first place is discretionary, the acts of following established policies of inspecting and monitoring are ministerial tasks. *Woodard v. Laurens County*, 265 Ga. 404, 407 (2) (456 SE2d 581) (1995); *Joyce v. Van Arsdale*, 196 Ga. App. 95, 96 (395 SE2d 275) (1990). Both of the actions to which plaintiffs attribute damages here are ministerial in nature, being failures to carry out

procedures that were already established. We will consider each of the four defendants in relation to these allegedly negligent actions.

(a) George Walls is the County Roads Superintendent, responsible for planning, organizing, and directing the daily operation of the roads department. He also works on the road crews. The roads department is responsible for the general maintenance and upkeep of the county road at issue here, and its employees mow next to and inspect the road several times each year. The actions of the road crews in carrying out their directions are ministerial. See *Nelson v. Spalding County*, supra, 249 Ga. at 336 (2) (a); *Lincoln County v. Edmond*, 231 Ga. App. 871, 875 (2) (501 SE2d 38) (1998). However, no evidence in the record establishes that Walls negligently inspected the county road, and thus the trial court did not err in granting his motion for summary judgment.

The plaintiffs also allege in their complaint that Walls negligently failed to monitor the accident history of the intersection of the county and state roads. However, the evidence showed that the DOT, not the county, maintained the intersection, and plaintiffs have pointed to no evidence establishing any failure to comply with a policy of monitoring the intersection's accident history. Therefore, the trial court did not err in granting Walls' motion for summary judgment. See *Stone v. Taylor*, supra, 233 Ga. App. at 889.

(b) Nat Dukes is Walls' assistant superintendent, and the analysis that applied to Walls also applies to Dukes. Dukes, along with Walls, argued in his summary judgment motion that the plaintiffs presented no evidence of negligent inspection, and plaintiffs did not meet their burden of pointing out specific evidence showing a negligent inspection. Again, the trial court did not err in granting Dukes' motion for summary judgment. See *Stone v. Taylor*, supra, 233 Ga. App. at 889.

(c) Larry Price is the Chief Administrator for Field Operations for Barrow County, responsible for helping the county commissioners manage the county government, including overseeing public works, public safety, planning and permitting, budgeting, purchasing, and grants. Plaintiffs have pointed to no evidence in the record showing that Price had any ministerial duties, much less evidence showing that he negligently performed or failed to perform such duties. Price is therefore entitled to summary judgment.

(d) Brad Benson is the County Transportation Engineer, responsible for planning and directing engineering personnel and coordinating utilities installations and road construction in new subdivisions. As with Price, plaintiffs have pointed to no evidence in the record showing that Benson performed any ministerial duties, negligently or otherwise. Benson is also entitled to summary judgment.

2. In light of the ruling in Division 1, the plaintiffs' remaining enumerations of error are moot.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 10, 2000 — 

*Russell & Mingledorff, Currie M. Mingledorff II, Christopher T. Adams*, for appellants (case no. A99A1968).

*Winship E. Rees*, for appellants (case no. A99A1969).

*Terry E. Williams*, for appellees.