A04A1287. HARPER et al. v. PATTERSON et al.
(606 SE2d 887)

BARNES, Judge.

Jaime D. Harper, by his next friend and mother, Alisa Harper, Clarissa Gail Sexton, by her next friend and mother, Iva Kathryn Sexton, and Jeffrey D. Sheriff, by his next friend and grandmother, Bobbie J. Sheriff, (collectively "the plaintiffs") appeal the final judgment, based on a jury verdict, in favor of the defendants, Jeffrey Stephen Patterson and Phillis Sparks Ramsey ("the defendants"). The named plaintiffs are mentally handicapped and also suffer from a number of physical, mental and emotional disabilities. They alleged that while enrolled in a special education program they were subjected to repeated sexual abuse, exploitation, and harassment by Patterson, a paraprofessional employed to assist them, and that Ramsey, their special education teacher, allowed Patterson to molest them and take pornographic pictures of them and also participated with him in some of these activities.

The plaintiffs also appeal the grants of summary judgment to defendants Ben Arp and Danette Ozment, two school officials, based on the statute of limitation, and the Gilmer County School District based on sovereign immunity. They further appeal the grant of judgment on the pleadings to Ramsey based on the defense of official immunity on the plaintiffs' negligence claims, and the grant of the defendants' motions in limine to exclude certain hearsay statements and allegedly similar transaction evidence. For the reasons that follow, we affirm.

1. The plaintiffs contend the trial court erred by granting summary judgment to the school district based upon sovereign immunity and to defendants Arp and Ozment based on the running of the statute of limitation. When we review the grant of summary judgment, this court conducts a de novo review of the evidence. Further, as movants for summary judgment, these defendants had the burden of showing no genuine issue of material fact existed for trial and the undisputed facts, viewed most favorably to the plaintiffs, demanded judgment as a matter of law. *Phillips v. Walls*, 242 Ga. App. 309, 310 (529 SE2d 626) (2000).

(a) The trial court did not err by granting summary judgment to

the school district. Under Art. I, Sec. II, Par. IX (e)[1] of the Georgia Constitution of 1983, the defense of sovereign immunity extends to a county-wide school district, such as in this case. *Coffee County School Dist. v. Snipes*, 216 Ga. App. 293, 294 (454 SE2d 149) (1995).

The plaintiffs' arguments that sovereign immunity does not apply because the actions taken involved malice, were ministerial, or violated the public duty doctrine misconstrue our constitutional provision on sovereign immunity. The first part of the argument relies upon Art. I, Sec. II, Par. IX (d), which concerns official immunity for State employees, and not sovereign immunity for agencies of the State. As these are different concepts, *Gilbert v. Richardson*, 264 Ga. 744, 750 (4) (452 SE2d 476) (1994), this argument has no merit. Further, the plaintiffs' reliance on the special duty doctrine adopted in *City of Rome v. Jordan*, 263 Ga. 26, 28-29 (1) (426 SE2d 861) (1993), is misplaced. This doctrine does not apply outside of the police protection context. *Hamilton v. Cannon*, 267 Ga. 655, 656 (1) (482 SE2d 370) (1997). Accordingly, this enumeration of error is without merit.

(b) The plaintiffs argue that the trial court erred by granting summary judgment to Superintendent of Schools Arp and Ozment, the school district's director of special education, on the plaintiffs' claims for negligent hiring, supervision, and retention because they contend the statute of limitation in OCGA § 9-3-33 is tolled as they continue to be mentally handicapped. See OCGA § 9-3-90 (a): "Minors and persons who are legally incompetent because of mental retardation or mental illness, who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons."

According to the appellees, however, the statute of limitation expired because the alleged abuse could have occurred no later than July 1998 and the complaint was not filed until October 31, 2001. The appellees further contend that, under *Price v. Dept. of Transp.*, 214 Ga. App. 85, 88 (1) (446 SE2d 749) (1994), the statute of limitation began running on October 22, 1999, when the plaintiffs, through their next friends, filed suit on their claims in United States District Court. We agree. Because the next friends actually filed suit on behalf of the disabled plaintiffs on October 22, 1999, the statute of limitation began to run on that date, and as the complaint was not filed against Arp and Ozment until October 31, 2001, the plaintiffs' claims against

---

[1] Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.

them were barred by the statute of limitation. Id.; *Cline v. Lever Bros.*, 124 Ga. App. 22, 23 (4) (a) (183 SE2d 63) (1971) (statute of limitation tolled until capacity to act for himself is regained or until a guardian is appointed and acts for him, or until a "next friend thereafter, during the continuance of the disability of plaintiff, brings an action seeking recovery for the injury sustained"). This is not a case in which guardians were merely appointed for the disabled children. Compare *Whalen v. Certain-Teed Products Corp.*, 108 Ga. App. 686, 687-688 (134 SE2d 528) (1963).

2. The plaintiffs allege the trial court erred by granting judgment on the pleadings on their claim that Ramsey negligently supervised Patterson. In this State, when

> deciding a motion for judgment on the pleadings, the issue is whether the undisputed facts appearing from the pleadings entitle the movant to judgment as a matter of law. All well-pleaded material allegations by the nonmovant are taken as true, and all denials by the movant are taken as false. But the trial court need not adopt a party's legal conclusions based on these facts.

(Citations and punctuation omitted.) *Holsapple v. Smith*, 267 Ga. App. 17, 20 (1) (599 SE2d 28) (2004).

Thus, the question before us

> is whether the undisputed facts appearing from the pleadings indicate that [Ramsey] is entitled to judgment as a matter of law. Where the party moving for judgment on the pleadings does not introduce affidavits, depositions, or interrogatories in support of [her] motion, such motion is the equivalent of a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The motion to dismiss should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of [her] claim.

(Citations omitted.) *Cox v. Turner*, 268 Ga. App. 305 (1) (601 SE2d 728) (2004). Here, the plaintiffs contend the trial court erred by granting judgment on the pleadings because under Georgia law classroom teachers are required to supervise paraprofessionals in their classrooms, and, therefore, Ramsey's duty to supervise Patterson was a ministerial, not a discretionary duty. Relying on the doctrine of official immunity, however, the trial court granted Ramsey's motion for judgment on the pleadings on this claim.

Under our law,

> [a] suit against a public officer acting in his or her official capacity will be barred by official immunity unless the public officer (1) negligently performed a *ministerial* duty, or (2) acted with actual malice or an actual intent to cause injury while performing a *discretionary* duty. See Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d) (as amended 1991); [cit.]

(Emphasis in original.) *Lincoln County v. Edmond*, 231 Ga. App. 871, 874 (2) (501 SE2d 38) (1998). "In other words, public officials are immune from damages that result from their performance of discretionary functions, unless those functions were undertaken with malice or intent to cause injury." *Phillips v. Walls*, supra, 242 Ga. App. at 311.

Because the plaintiffs' complaint alleges that Ramsey was negligent in the performance of her ministerial duty of supervising Patterson, and not that she acted with malice or intent to cause injury, our primary inquiry is whether she was exercising a discretionary or ministerial duty. This court has defined a ministerial act as "commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty." (Citation omitted.) *Phillips v. Walls*, supra, 242 Ga. App. at 311. On the other hand, a discretionary act requires "the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." (Citation omitted.) Id.

Here, the plaintiffs contend that supervising Patterson was a ministerial duty because Georgia law imposes the duty of supervising Patterson, a paraprofessional, on Ramsey, as the professional teacher in the classroom. Although framed in those terms, what the plaintiffs really complain of is that Ramsey did not supervise her classroom activities in such a manner as to protect the children from molestation. Therefore, we find this case is controlled by the line of cases holding that "the supervision of student safety is a discretionary function, the proper exercise of which entitles school officials to immunity." (Citation omitted.) *Brock v. Sumter County School Bd.*, 246 Ga. App. 815, 821 (2) (b) (542 SE2d 547) (2000). See also, e.g., *Caldwell v. Griffin Spalding County Bd. of Ed.*, 232 Ga. App. 892, 893 (503 SE2d 43) (1998) (physical precedent only); *Kelly v. Lewis*, 221 Ga. App. 506, 508 (471 SE2d 583) (1996); *Wright v. Ashe*, 220 Ga. App. 91, 94 (469 SE2d 268) (1996); *Teston v. Collins*, 217 Ga. App. 829, 830-831 (1) (459 SE2d 452) (1995).

Under the circumstances, the trial court did not err by granting judgment on the pleadings on this claim.

3. The plaintiffs contend the trial court erred by granting the defendants' motion in limine to exclude the testimony of a proffered expert, Ava Lipscomb, that one of the victim's actions were consistent with having been the victim of sexual abuse and to "explain where and how this abuse took place." The plaintiffs also allege the trial court erred by excluding the testimony of Kathryn Sexton that her daughter reported that Patterson had sexually abused her. As a general rule, admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse. *Whisnant v. State*, 178 Ga. App. 742, 743 (1) (344 SE2d 536) (1986).

A motion in limine is a pretrial motion which may be used two ways: 1) The movant seeks, not a *final* ruling on the admissibility of evidence, but only to prevent the mention by anyone, during the trial, of a certain item of evidence or area of inquiry until its admissibility can be determined *during the course of the trial* outside the presence of the jury. 2) The movant seeks a ruling on the admissibility of evidence prior to the trial. The trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial. If, however, the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of admissibility is similar to a preliminary ruling on evidence at a pretrial conference and it *controls* the subsequent course of action, unless modified at trial to prevent manifest injustice.

(Citations, punctuation and footnote omitted; emphasis in original.) *State v. Johnston*, 249 Ga. 413, 415 (3) (291 SE2d 543) (1982). In this appeal, the trial court granted the defendants' motion in limine until such time as the motions could be addressed on their merits.

(a) Then, after the plaintiffs proffered Mrs. Lipscomb's expected testimony, the trial court excluded her testimony, ruling that what the plaintiffs were attempting to present was the investigator's testimony expressing her opinion that what she saw was consistent with child molestation, but the investigator had presented no standards on which her opinion was based. Therefore, the court concluded that it would be improper for the investigator to be presented as an expert and allowed to give an expert opinion. To so testify an expert must be able to establish some scientific agreement on matters that were beyond the ken of ordinary lay jurors. The trial court concluded that the investigator lacked the qualifications to testify on the topic for which the plaintiffs were seeking her testimony.

During her proffered testimony, Mrs. Lipscomb testified about her experience investigating child molestation and abuse cases and that she had investigated these allegations against Patterson, and believed that plaintiff Sheriff had been molested. She did not, however, explain the basis for her conclusion, or provide for the trial court any objective criteria against which she measured Sheriff's statements, other than her experience in previous cases. She merely narrated what was said, and then concluded that this was consistent with sexual abuse. The trial court did not abuse its discretion by excluding this testimony because witness credibility is to be determined by the jury. OCGA § 24-9-80. And,

> "Georgia does not allow witnesses to opine that a party or victim is lying or telling the truth, for under this statute credibility is a matter solely within the province of the jury. An expert witness may not testify as to his opinion of the victim's truthfulness." (Citations and punctuation omitted.) *Rose v. Figgie Intl.*, 229 Ga. App. 848, 857 (3) (a) (495 SE2d 77) (1997).

*Shelton v. State*, 251 Ga. App. 34, 38 (3) (553 SE2d 358) (2001). The courts of this State have allowed an exception to the general rule in limited circumstances when

> the conclusion is beyond the ken of the average layman. It is only where: the nature of the question is such that the factors leading to a conclusion are not known to the common or average man, but are among those things shrouded in the mystery of professional skill or knowledge, that the opinion or conclusion of an expert should be deferred to as to an ultimate issue.

(Citation and punctuation omitted.) *Adams v. State*, 231 Ga. App. 279, 285 (5) (499 SE2d 105) (1998). Thus, witness credibility

> is not beyond the ken of the jurors but, to the contrary, is a matter solely within the province of the jury. An expert witness may not testify as to his opinion of the victim's truthfulness. Because the essence of the expert's testimony was that she believed [Sheriff] to be telling the truth, her testimony was impermissible.

(Citations omitted.) *Flowers v. State*, 220 Ga. App. 814, 815 (2) (468 SE2d 199) (1996), overruled on other grounds, *Strickland v. State*, 223 Ga. App. 772, 775 (479 SE2d 125) (1996).

While it is true that we allow expert witnesses to explain why persons suffering from certain syndromes, e.g., battered spouse or child abuse syndrome, might act in a certain manner, the basis for admitting such testimony is that those are conclusions that jurors cannot ordinarily draw for themselves and constitute a proper subject for expert testimony, see, e.g., *Smith v. State*, 259 Ga. 135 (377 SE2d 158) (1989); *Smith v. State*, 247 Ga. 612 (277 SE2d 678) (1981). Mrs. Lipscomb's testimony, however, was not going to address a syndrome about which jurors were unfamiliar.

Her proffered testimony shows that the plaintiffs expected to have her testify that she had interviewed the plaintiffs and investigated the case, and based upon her interviews and investigation, Sheriff's behavior was consistent with sexual abuse. Such testimony is not allowed and the trial court did not err by excluding this testimony. Compare *Atkins v. State*, 243 Ga. App. 489, 495 (2) (533 SE2d 152) (2000) (using specialized knowledge as a pediatrician, witness allowed to testify that the victim's reported symptoms were consistent with symptoms suffered by a molestation victim, but the witness did not conclude that victim had been molested or identify accused as perpetrator). If this witness were to be permitted to testify on the subjects for which the plaintiffs tendered her, then any law enforcement officers would be qualified to testify about their investigations, repeating any hearsay they may have heard, and then conclude that the victim's actions were consistent with having been a victim of whatever crime was alleged. That procedure is not permitted under our law.

Further, although a medical expert may testify that certain symptoms or history described by a child are consistent with molestation, *Atkins*, supra at 490-496 (2), an expert cannot directly or indirectly vouch for the victim's credibility. *Cline v. State*, 224 Ga. App. 235, 237 (2) (480 SE2d 269) (1997). This is what Mrs. Lipscomb's testimony would have done. Accordingly, we do not find that the trial court abused its discretion by excluding this testimony.

(b) We also find that the trial court did not err by excluding the testimony of Gail Sexton's mother that Gail told her that Patterson had molested her. Mrs. Sexton testified that one day Gail came home from school acting "madder than a hornet," and told her that her teachers took pictures of her without her clothes and were "messing with her privates." The plaintiffs sought to introduce this evidence as part of the res gestae.[2] Apparently, because the witness could not

---

[2] "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." OCGA § 24-3-3.

state with any degree of certainty when the statement was made in relation to when the alleged abuse occurred and her proffer did not agree with her earlier deposition testimony, the trial court ruled that the statement did not qualify as part of the res gestae, and excluded the testimony. Whether a statement made after the event qualifies for admission under the res gestae rule is a matter within the discretion of the trial court, and, on appeal, that ruling will not be overturned unless it is clearly erroneous. *Andrews v. State*, 249 Ga. 223, 228 (290 SE2d 71) (1982). Here, the plaintiffs could not establish when the statements were made in relation to the alleged event. Therefore, as some evidence supports the trial court's findings, this enumeration of error is without merit.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 15, 2004 — 

*Patrick W. McKee, Sammie M. Mitchell*, for appellants.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Christopher D. Balch, Maren R. Frost, Harben & Hartley, Phillip L. Hartley, Cynthia N. Johnson*, for appellees.