A07A1922. MILLS v. ALLSTATE INSURANCE COMPANY.
(653 SE2d 850)

ELLINGTON, Judge.

For personal injuries he sustained in a car wreck, Jason Mills brought this action against the driver and the owner of the other car involved in the accident. Mills also asserted a claim against the defendants' insurer, Allstate Insurance Company, for Allstate's alleged breach of a duty to adjust Mills' loss fairly and promptly. The trial court granted Allstate's motion for a judgment on the pleadings. Mills appeals, contending that OCGA § 33-4-7 provides a third-party claimant with a right of action against an insurer that fails to make a good faith effort, where liability is reasonably clear, to settle a claim for *any loss* covered by a motor vehicle liability insurance policy issued to its insured, including bodily injury and other personal losses. Because OCGA § 33-4-7 by its plain terms applies only to an insurer's bad faith in responding to claims for property damage, Mills' complaint asserting that Allstate acted in bad faith in responding to his claims for personal injury failed to state a claim pursuant to that Code section. Consequently, we affirm the trial court's order granting Allstate's motion for a judgment on the pleadings.

On appeal, we review de novo the trial court's decision on a motion pursuant to OCGA § 9-11-12 (c) for a judgment on the pleadings. *Bogard v. Inter-State Assurance Co.*, 263 Ga. App. 767 (589 SE2d 317) (2003).

> [W]hen deciding a motion for judgment on the pleadings, the issue is whether the undisputed facts appearing from the pleadings entitle the movant to judgment as a matter of law. All well-pleaded material allegations by the nonmovant are taken as true, and all denials by the movant are taken as false. . . . Where the [movant] does not introduce affidavits,

depositions, or interrogatories in support of [the] motion, such motion is the equivalent of a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The motion to dismiss should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of [the plaintiff's] claim.

(Citations omitted.) *Harper v. Patterson*, 270 Ga. App. 437, 439 (2) (606 SE2d 887) (2004).

Mills grounded his claim that Allstate breached a duty to make a good faith effort to settle his personal injury claim against Allstate's insureds in OCGA § 33-4-7. In pertinent part, OCGA § 33-4-7 (a) provides as follows:

In the event of a loss because of injury to or destruction of property covered by a motor vehicle liability insurance policy, the insurer issuing such policy has an affirmative duty to adjust that loss fairly and promptly, to make a reasonable effort to investigate and evaluate the claim, and, where liability is reasonably clear, to make a good faith effort to settle with the claimant potentially entitled to recover against the insured under such policy.

The Code section specifies a penalty, and an award of attorney fees, for the breach of such a duty. Id. Mills contends that, properly construed, OCGA § 33-4-7 imposes a duty on insurers to make a good faith effort to settle a claim for any loss covered by a motor vehicle liability insurance policy issued to its insured, including bodily injury and other personal losses.

In construing a statute, "we apply the fundamental rules of statutory construction that require us to construe a statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage." (Citations omitted.) *Slakman v. Continental Cas. Co.*, 277 Ga. 189, 191 (587 SE2d 24) (2003). Finally, since OCGA § 33-4-7 imposes a penalty, its requirements are strictly construed. See *BayRock Mtg. Corp. v. Chicago Title Ins. Co.*, 286 Ga. App. 18, 19 (648 SE2d 433) (2007) (since OCGA § 33-4-6 imposes a penalty, its requirements are strictly construed).

As Mills points out, the General Assembly provided in another Code section, OCGA § 33-4-6, a similar bad faith penalty against an insurer in favor of the insurer's policy holder. That Code section

broadly embraces any "loss which is covered by a policy of insurance."[1] Mills characterizes OCGA § 33-4-7 as a "companion" to OCGA § 33-4-6 and contends that the General Assembly intended to extend the same rights to a third party (that is, a party other than the policy holder). Mills argues that we should therefore read OCGA § 33-4-7 as applying, like OCGA § 33-4-6, in the event of *any* covered loss. This argument is specious. We are not free to ignore the fact that, while "loss" is not so limited in OCGA § 33-4-6, in OCGA § 33-4-7 "loss" is limited by the modifying phrase "because of injury to or destruction of property."[2] Because Mills' proposed construction of OCGA § 33-4-7 would make the modifying phrase "because of injury to or destruction of property" mere surplusage, we must reject it. Mills' claim against the insureds was for his personal injuries, and not for any property damage, and, therefore, the loss that was the subject of his claim against the policy was *not* "a loss because of injury to or destruction of property." Consequently, OCGA § 33-4-7 provides no authority for the imposition of any penalty for Allstate's alleged bad faith failure to settle Mills' claim. Because the averments in the complaint disclose with certainty that Mills is not entitled to relief on his bad faith claim against Allstate, the trial court correctly granted Allstate's motion for a judgment on the pleadings. *Haldi v. Piedmont Nephrology Assoc.*, 283 Ga. App. 321, 322-323 (641 SE2d 298) (2007) (judgment on the pleadings was proper where the complaint and the subject employment contract demonstrated that the plaintiff lacked standing to challenge the enforcement of a noncompete provision in the contract); *Harper v. Patterson*, 270 Ga. App. at 439 (2) (judgment on the pleadings was proper where the complaint demonstrated that the defendants were entitled to official immunity).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 6, 2007.

*Yinka T. Omole*, for appellant.

---

[1] "In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder" a specified penalty and attorney fees. OCGA § 33-4-6 (a).

[2] See Kathryn H. Wade, Actions Against Insurance Companies: Change Provisions Relating to an Insurer's Liability for Bad Faith Refusal to Pay for Loss Covered by Insurance; Provide for Insurer's Duties with Respect to Settlement of Motor Vehicle Liability Policy Claims; Provide for a Private Cause of Action for Unfair Claims Settlement Practices in Certain Circumstances, 18 Ga. St. U. L. Rev. 167 (Fall 2001) (noting that OCGA § 33-4-7 created a third-party bad faith claim that parallels the first-party bad faith provisions of OCGA § 33-4-6 except that, after a committee substitute, the bill limited the third-party action to property damage).

*Fain, Major & Brennan, Andrew H. Schultz, David W. Wallace,* for appellee.