**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY, P. J., and SELF, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 6, 2017**

# In the Court of Appeals of Georgia

A17A1083. CITY OF KINGSLAND v. GRANTHAM.

RAY, Presiding Judge.

Destini Grantham brought this action against the City of Kingsland (the "City") and its police officer, Vincent Bryant, after she sustained injuries when a patrol car driven by Officer Bryant collided with the car in which she was riding. The City appeals from the denial of its motion for a partial judgment on the pleadings, arguing that the trial court erred in concluding that Grantham's claims against the City for negligent training, negligent supervision, and negligent entrustment were not redundant to her claims against the City for respondeat superior. For the following reasons, we reverse.

This Court reviews de novo a trial court's decision on a motion for judgment on the pleadings. *Mills v. Allstate Ins. Co.*, 288 Ga. App. 257, 257-258 (XX) (2007). When ruling on a motion for a judgment on the pleadings, the issue

> is whether the undisputed facts appearing from the pleadings entitle the movant to judgment as a matter of law. All well-pleaded material allegations by the nonmovant are taken as true. . . . Where the movant does not introduce affidavits, depositions, or interrogatories in support of the motion, such motion is the equivalent of a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The motion to dismiss should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the plaintiff's claim.

(Citation omitted.) *Mills*, supra at 257-258.

Grantham's complaint alleges that on June 14, 2015, Destini Grantham was a passenger in a vehicle driven by a non-party on I-95 in Camden County. At the same time, Officer Bryant was "conducting radar speed detection on vehicles traveling on I-95." As Grantham's vehicle approached Officer Bryant's location on I-95, Officer Bryant abruptly pulled out of the median and into the lane of travel occupied by Grantham's vehicle. As a result, Grantham's vehicle struck Officer Bryant's police cruiser and then overturned. Grantham sustained injuries as a result of the collision.

2

Grantham sued Officer Bryant and the City to recover for her injuries. Grantham's complaint asserted claims for negligence and negligence per se under various code sections, and contended that the City was vicariously liable for Officer Bryant's acts because he was acting in the course and scope of his employment. Grantham also asserted a claim against the City for negligent training, negligent supervision, and negligent entrustment of Bryant.

The City filed a motion for partial judgment on the pleadings on Grantham's claim for negligent training, negligent supervision, and negligent entrustment. In that motion, the City argued that the claims for negligent training, negligent supervision, and negligent entrustment should be dismissed as redundant because they seek recovery that is duplicative of that sought under respondeat superior. In her response, Grantham argued that these claims should not be dismissed because the City's liability could differ from Officer Bryant's under Georgia's new apportionment statute, OCGA § 51-12-33. The trial court entered an order denying the City's motion for partial judgment on the pleadings, but certified it for immediate review. This Court granted the City's application for an interlocutory appeal from that order.

It is true that, prior to 2005, Georgia cases held that if a defendant employer concedes that it will be vicariously liable under the doctrine of respondeat superior

3

for the negligence of its employee, the employer is entitled to summary judgment on the plaintiff's claims for negligent entrustment, negligent hiring, negligent training, and negligent supervision, unless the plaintiff has also brought a valid claim for punitive damages against the employer for its own independent negligence (hereinafter, the "Respondeat Superior Rule"). See *Kelley v. Blue Line Carriers, LLC*, 300 Ga. App. 577, 580 (2) (685 SE2d 479) (2009); *Durben v. American Materials, Inc.*, 232 Ga. App. 750, 751 (1) (503 SE2d 618) (1998); *Bartja v. Nat. Union Fire Ins. Co. of Pittsburgh, Pa.,* 218 Ga. App. 815, 817 (2) (463 SE2d 358) (1995). The rationale underlying the Respondeat Superior Rule "is that, since the employer would be liable for the employee's negligence under respondeat superior, allowing claims for negligent entrustment, hiring, and retention would not entitle the plaintiff to a greater recovery, but would merely serve to prejudice the employer." (Citation omitted.) *Durben,* supra. Such prejudice could be caused by, inter alia, allowing the introduction of unfairly prejudicial information about the employee's prior employment history. See *Kelley,* supra. That line of cases held that "[w]here no punitive damages are sought, . . . a defendant employer's admission of liability under respondeat superior establishes the liability link from the negligence of the driver .

. . rendering proof of negligent entrustment unnecessary and irrelevant." *Bartja*, supra.

In 2005, the Georgia General Assembly enacted tort reform legislation. Laws 2005, Act 1 §12. As part of that reform, the General Assembly passed Georgia's apportionment statute, OCGA § 51-12-33, eliminating joint and several liability. Georgia's apportionment statute, OCGA § 51-12-33 (b), states in pertinent part:

> Where an action is brought against more than one person for injury to person or property, the trier of fact . . . shall . . . apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.

OCGA § 51-12-33 (b). See also *McReynolds v. Krebs*, 290 Ga. 850. 852 (1) (b) (725 SE2d 584) (2012). Accordingly, the General Assembly has now expressly determined that fault must be apportioned between all negligent parties whose negligence caused or contributed to cause a plaintiff's injuries.

Grantham argues, and the trial court agreed, that in the wake of Georgia's abolishment of joint and several liability through the enactment of the apportionment statute, OCGA § 51-12-33 (b), the Respondeat Superior Rule is no longer applicable.

5

In support of this argument, Grantham cites to *Little v. McClure*, 2014WL 4276118 (M.D. Ga., decided August 29, 2014). In *Little*, the United States District Court for the Middle District of Georgia held that Georgia's apportionment statute superseded the Respondeat Superior Rule. The *Little* court held that "[b]ecause the jury must apportion separate percentages of damages to each party at fault [under OCGA § 51-12-33 (b)], the employer's liability will no longer necessarily be coextensive with the employee's simply because respondeat superior applies." (Emphasis omitted.) Id. at *3 (II) (B). That court explained that

> [u]nder a system of joint and several liability, both the employer and employee would be liable for the entire amount of the plaintiff's damages if respondeat superior applies, regardless of whether the employer was also independently negligent. However, under Georgia's apportionment statute, an employer would be separately responsible for its degree of fault, if any, based on its independent negligence. A defendant is only liable for the percentage of a plaintiff's damages attributable to his apportioned fault, so the employee's negligence (for which the employer would be liable by virtue of respondeat superior) would be apportioned separately from the employer's independent negligence. See OCGA § 51-12-33 (b).

6

(Emphasis omitted.) Id.[1]

However, in *Schreckengast v. Carollo*, 2017 WL 2702543 (S. D. Ga., decided June 22, 2017), the United States District Court for the Southern District of Georgia declined to extend the holding in *Little*, supra, and found that the plaintiff's negligent hiring claim was redundant to the plaintiff's claim for respondeat superior in that case. Id. at *2-*3 (II) (A). Accord *Downer v. Boyer*, 2017 WL 1093167, *2 (III) (N. D. Ga., decided March 23, 2017) ("Under Georgia law, respondeat superior and negligent hiring, training, and supervision are mutually exclusive theories of liability").

"As a state appellate court, we are not bound by the decisions of the federal district courts. To the contrary and as a general matter, this Court adopts such federal decisions only when they are not in conflict with our own legal precedent." (Citations and punctuation omitted.) *RES-GA Hightower, LLC v. Golshani*, 334 Ga. App. 176, 180 (1) (a), n. 8 (778 SE2d 805) (2015). Accordingly, we decline to adopt the reasoning set forth in *Little*, supra, because we are bound by this Court's recent

---

[1] See Alfano, Jr., Michael David, EMPLOYER ESCAPE HATCH CLOSED IN GEORGIA: HOW THE INTERPRETATION OF GEORGIA'S APPORTIONMENT STATUTE IN ZALDIVAR PROHIBITS EMPLOYERS FROM USING RESPONDEAT SUPERIOR TO ESCHEW DIRECT NEGLIGENCE CLAIMS, 50 Ga. L. Rev. 1233, 1249-1255 (III) (A)-(B) (Summer 2016) for a discussion of the *Little*, supra, and conflicting case law.

decision in *Hospital Auth. of Valdosta/Lowndes County v. Fender*, __ Ga. App. __ (802 SE2d 346) (2017), which rejected it. Id. at *8 (2), n. 4. In *Fender*, supra, this Court considered the issue of whether the 2005 passage of Georgia's apportionment statute superseded the Respondeat Superior Rule. Id. at *7-*8 (2). In concluding that it did not, this Court ruled that claims based on respondeat superior and claims based upon negligent hiring, supervision, and retention of an employee "are derivative of the underlying tortious conduct of the employee. Thus, where, as here, the employer has admitted respondeat superior liability and the plaintiff is not seeking punitive damages, the claims for negligent hiring, training, supervision, and retention are merely duplicative of the respondeat superior claim." (Citations and punctuation omitted.) *Fender*, supra at *8 (2).

In the instant case, the City admitted that Officer Bryant was acting within the scope of his employment at the time of the accident. Thus, a factual basis for respondeat superior has been admitted. Further, Grantham has no valid claim for punitive damages since punitive damages are not allowed against a governmental entity. See *Metro. Atlanta Rapid Transit Auth. v. Boswell*, 261 Ga. 427, 427-428 (405 SE2d 869) (1991). As we are bound by this Court's ruling in *Fender*, supra, that the Respondeat Superior Rule has not been nullified by the 2005 passing of Georgia's

8

apportionment statute, we reverse the trial court's denial of the City's motion for a partial judgment on the pleadings.

*Judgment reversed. Dillard, C. J., and Self, J., concur*.