**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**August 20, 2019**

# In the Court of Appeals of Georgia

A19A1104. TERRY v. OLD HAT CHIMNEY, LLC.

MERCIER, Judge.

Matthew Terry appeals from the trial court's order granting Old Hat Chimney, LLC ("Old Hat") partial summary judgment in this negligence action. We affirm.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" OCGA § 9-11-56 (c). The relevant facts governing this appeal are not in dispute. On July 5, 2016, Terry sued Old Hat and its employee, Nickolas James Payne, for damages allegedly sustained when a company van driven by Payne rear-ended Terry's vehicle. Terry asserted a negligence claim against Payne. He further alleged that Old Hat was (1) vicariously liable for Payne's

negligence based on the doctrine of respondeat superior,[1] and (2) directly liable to him for negligently hiring, training, and supervising Payne. Terry did not raise a claim for punitive damages.

During discovery, Old Hat's owner and corporate representative conceded that Payne was employed by Old Hat and acting within the scope of his employment at the time of the collision. Old Hat subsequently moved for partial summary judgment on Terry's direct liability claim, arguing that any recovery for negligent hiring, training, and supervision would be duplicative because it had "admitted to the essential elements of the respondeat superior theory of vicarious liability." The trial court granted partial summary judgment to Old Hat, and this appeal followed.

We find no error. According to Terry, a jury should be allowed to consider and apportion fault to Old Hat based on both the direct and vicarious liability claims. In Georgia, however,

> if a defendant employer concedes that it will be vicariously liable under
> the doctrine of respondeat superior if its employee is found negligent,
> the employer is entitled to summary judgment on the plaintiff's claims

---

[1] "Under the doctrine of respondeat superior, an employer can be held vicariously liable for the negligence of an employee when the employee is acting within the course and scope of his [or her] employment." *Yim v. Carr*, 349 Ga. App. 892, 898 (1) (b) (827 SE2d 685) (2019) (citations and punctuation omitted).

2

for negligent entrustment, hiring, training, supervision, and retention, unless the plaintiff has also brought a valid claim for punitive damages against the employer for its own independent negligence.

*Hosp. Auth. of Valdosta/Lowndes County v. Fender*, 342 Ga. App. 13, 21 (2) (802 SE2d 346) (2017). Old Hat admitted that the doctrine of respondeat superior applies here, and punitive damages are not at issue. Under *Fender*, therefore, Terry's claim against Old Hat for negligent hiring, training, and supervision is duplicative of the respondeat superior claim and cannot proceed. See id. at 23 (2).

On appeal, Terry urges us to overrule the clear precedent established in *Fender*, asserting that it contravenes Georgia's fault apportionment statute, OCGA § 51-12-33 (b).[2] But we explicitly rejected this argument in *Fender*. And when the same argument was raised several months later in another case, we again rejected it, noting

---

[2] Pursuant to OCGA § 51-12-33 (b): "Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall . . . apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution."

that *Fender* had resolved the issue. See *City of Kingsland v. Grantham*, 342 Ga. App. 696, 700 (805 SE2d 116) (2017).

We have previously decided the exact issue raised in this appeal, and we see no reason to revisit that decision.[3] The trial court, therefore, properly granted partial summary judgment to Old Hat. See *Grantham*, supra; *Fender*, supra.

*Judgment affirmed. Barnes, P. J., and Brown, J., concur.*

---

[3] Although the Georgia Supreme Court initially granted certiorari in *Fender*, the petition for certiorari was later withdrawn.

4