A06A0821. TANT v. PURDUE et al.
(629 SE2d 551)

ANDREWS, Presiding Judge.

Cobb County investigated and brought charges against Grady Tant in connection with a car accident in which Tant was driving and Tant's wife was killed. After the charges were dropped, Tant sued the

---

County and the officer who had led the investigation. Tant appeals from a grant of summary judgment to the defendants. We affirm.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

So viewed, the record shows that on March 21, 1999, Officers Purdue and Fisher of the Cobb County Police Department were called to the scene of an automobile accident. There, they saw Tant's damaged Chevrolet Blazer in the right emergency lane with the dead body of Tant's wife in its front passenger seat. Parked nearby in the same lane was a damaged pickup truck with what was later determined to be a faulty gas pump. The officers also noted numerous tire marks leading up to the apparent point of impact. The officers marked the tire marks with orange paint, and later returned to the scene to measure them for purposes of producing a scaled diagram. Purdue also spoke with Tant as he sat in the back of the ambulance, noting that Tant's eyes were bloodshot and watery and that he smelled of alcohol. Purdue informed Tant that he would need to submit to the drug and alcohol screening required in fatality accidents. Tant later testified that he had drunk more than two glasses of wine at a dinner party before the accident. Tant's Blazer also contained an open beer bottle.

In the days that followed, the officers continued their investigation into the identity of the pickup's driver, the likely cause of the accident, and the determination of fault. Based on their interpretation of the data thus gathered, the officers eventually concluded that Tant had been driving in excess of 90 miles an hour in a 55-mph zone when he lost control of his car and struck the pickup truck from behind as it was parked in the emergency lane, killing his wife. In an interview conducted soon afterward, Tant told Purdue that he had seen the pickup truck in front of him and tried to take evasive action before hitting it. Tant later testified to the same effect.

On July 12, 1999, Purdue signed an affidavit and arrest warrant application stating his conclusions. Tant was arrested on the resulting warrant and charged with vehicular homicide, less-safe DUI, speeding, reckless driving, failure to maintain lane, and failure to provide proof of insurance. Well over a year later, the County solicitor-general's office dropped the charges, concluding that although probable cause had existed to arrest Tant, "there is insufficient evidence to prove the case beyond a reasonable doubt." Tant then brought this action against Purdue and Cobb County, alleging that Purdue had acted with actual malice and produced pain and suffering by causing

Tant's arrest and prosecution, and seeking compensatory and punitive damages. Purdue and Cobb County later moved for summary judgment, which was granted on the grounds that the defendants were protected by sovereign immunity and that there was no evidence to support a finding that Purdue had acted with actual malice.

On appeal, Tant argues that Purdue negligently performed a series of ministerial acts resulting in the charges filed and later dismissed and that the trial court therefore erred when it granted summary judgment to the defendants. We disagree.

"A suit against a public officer acting in his or her official capacity will be barred by official immunity unless the public officer (1) negligently performed a ministerial duty, or (2) acted with actual malice or an actual intent to cause injury while performing a discretionary duty." (Citations and emphasis omitted.) *Wanless v. Tatum*, 244 Ga. App. 882 (536 SE2d 308) (2000). A discretionary duty is one requiring "the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." (Punctuation and footnote omitted.) *Todd v. Kelly*, 244 Ga. App. 404, 406 (1) (535 SE2d 540) (2000). A government employee can be held liable for the results of his discretionary act, then, only if he acts with "actual malice or with actual intent to cause injury in the performance of [his] official functions." Ga. Const. 1983, Art. I, Sec. II, Par. IX (d); *Merrow v. Hawkins*, 266 Ga. 390, 392 (467 SE2d 336) (1996) (construing "actual malice" as more than a reckless disregard for human life).

Applying these principles to the facts of this case, we conclude that Officer Purdue was performing a discretionary act when he concluded from his investigation that Tant had been driving recklessly and under the influence and when he signed the arrest warrant application to that effect. Likewise, the record in this case is devoid of any evidence suggesting that he acted with actual malice in the course of his duties. Thus the trial court did not err when it granted summary judgment to the defendants. *Todd*, supra, 244 Ga. App. at 406 (1) (affirming grant of summary judgment to officer who determined from investigation that plaintiff had tampered with evidence); *Conley v. Dawson*, 257 Ga. App. 665 (572 SE2d 34) (2002) (reversing denial of summary judgment to officer accused of conspiring to commit fraud in course of accident investigation).

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED APRIL 6, 2006 — ▮

*Akin & Tate, William M. Akin, S. Lester Tate III*, for appellant.
*Mark A. Adelman*, for appellees.