[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10818
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 3, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:11-cv-00129-HLM


MARK GORDON,
CONNIE GORDON,

                                                    Plaintiffs - Appellees,

                          versus

CHATTOOGA COUNTY,

                                                    Defendant,

SHERIFF JOHN EVERETT,
Individually and in his Official
Capacity as sheriff of Chattooga County,
AGENT KANDY DODD,
Individually and in her Official Capacity
as Investigator Chattooga County,

                                                    Defendants - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 3, 2012)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Plaintiffs, Mark and Connie Gordon, filed suit under 42 U.S.C. § 1983 against Defendants, Sheriff John Everett and Officer Kandy Dodd, in their individual and official capacities alleging that Defendants violated their Fourth and Fourteenth Amendment rights and the Georgia Constitution and conspired to interfere with their civil rights by illegally obtaining and executing a search warrant for Plaintiffs' home.[1] Defendants filed a motion for summary judgment on all claims arguing that Defendants should receive qualified immunity as to the federal claims and official immunity as to the state law claims and that there was no evidence to support the conspiracy claims. The Gordons moved for a partial motion for summary judgment as to Dodd's liability under the federal claims. The district court denied Defendants' motion for summary judgment and granted the

_____

[1] In an order dated June 23, 2011, the district court dismissed Plaintiffs' federal claims against Defendants in their official capacities.

Gordons' motion. Defendants appeal the district court's denial of qualified and official immunity for both Everett and Dodd, and seek review of the district court's decision on the conspiracy claim, asserting pendent jurisdiction. Defendants also appeal the grant of partial summary judgment in which the district court found Dodd liable for violating the Gordons' Fourth Amendment rights. After reviewing the briefs, we affirm the district court's grant of the Gordons' partial motion for summary judgment, denial of qualified immunity as to Dodd, and denial of official immunity for both Defendants. We dismiss the other claims for lack of jurisdiction.

## I. BACKGROUND

In January 2011, Dodd was investigating several burglaries in Chattooga County, Georgia. Dodd received information that two high school students were involved in the burglaries. The students eventually confessed and stated that they sold some of the stolen items to the Gordons at their pawn shop, Fleetwood's Pawn.[2]

Relying on this information, Dodd informed Everett that she would seek a search warrant for the Gordons' pawn shop and home. Officer Shannon Goins

---

[2]The students also stated that they sold some of the stolen items to the Gordons at their home. However, this information was not included in the affidavit given to the magistrate in support of the search warrant.

gave Dodd a search warrant that had previously been used to search the Gordons' pawn shop. Using this warrant as a template, Dodd prepared a sworn affidavit in support of a search warrant and presented this information to Magistrate Judge Maddux. The affidavit and the search warrant, as given to Judge Maddux, included no information regarding the Gordons' home. When Judge Maddux was approving the original search warrant, he mentioned to Dodd that her investigation could lead her to search the Gordons' home and that she should talk to another officer who investigated a similar situation.

After receiving the search warrant, Dodd returned to the Sheriff's Office and Dodd, Everett, and two other officers left in Dodd's vehicle to execute the warrant. In the vehicle, Everett began to read over the search warrant and noticed that it still contained Shannon Goins's name. Dodd then took the search warrant from Everett, went back to her office, deleted Goins's name, added her own name, and took the modified search warrant to Judge Maddux for approval.

After receiving Judge Maddux's signature on the first amended search warrant, Dodd returned to her car where the other officers were waiting for her. Everett began looking over the search warrant again, and noticed that the Gordons' home address was not included. Everett asked Dodd if she intended to also search the Gordons' home; Dodd answered in the affirmative and stated she

4

would fix the warrant. All of the officers then left the vehicle while Dodd corrected the warrant for the second time.

Dodd returned to her office with another officer.[3] That officer added the Gordons' home address to the warrant and printed out the new page. Dodd then removed and shredded the page from the first amended search warrant and attached the altered page with the Gordons' home address to the page with Judge Maddux's signature. The second amended search warrant was never presented to or approved by Judge Maddux. The testimony differs as to the amount of time it took Dodd to alter the search warrant, but reflects that it took between five and thirty minutes. During this time, Everett was in his office.

Dodd then gathered the officers again and told them she had added the address to the search warrant. That group then executed the second amended search warrant—first searching Fleetwood's Pawn, then, several hours later, the Gordons' home.

Judge Maddux later learned that Defendants searched the Gordons' home. When Judge Maddux asked whether Defendants had added anything to the search warrant, Everett replied, "We added his address." Judge Maddux then informed Defendants that there was no information in the affidavit or search warrant to

---

[3]This officer is not a party to the suit.

5

permit the search of the residence and that everything seized pursuant to the second amended search warrant had to be returned.

## II. JURISDICTION

Generally, the denial of a motion for summary judgment is not a final order subject to immediate appeal. *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1303 (11th Cir. 2006). Qualified immunity is "an entitlement not to stand trial . . . when a government actor's discretionary conduct does not violate clearly established statutory or constitutional rights." *Koch v. Rugg*, 221 F.3d 1283, 1294 (11th Cir. 2000) (citation and quotation marks omitted). A denial of qualified immunity on a motion for summary judgment is immediately appealable when it "concerns solely the pure legal decision of (1) whether the implicated federal constitutional right was clearly established and (2) whether the alleged acts violated that law." *Koch*, 221 F.3d at 1294 (emphasis omitted) (citing *Johnson v. Jones*, 515 U.S. 304, 313, 115 S. Ct. 2151, 2156 (1995)). The appeal must present "a legal question concerning a clearly established federal right that can be decided apart from considering sufficiency of the evidence." *Id.*

Here, Dodd contends that it is not clearly established constitutional law that, absent exigent circumstances, an officer must obtain a search warrant from a neutral and detached judicial officer to search a home. Therefore, we have

jurisdiction to hear Dodd's appeal. However, Everett only contends that he did not personally participate in Dodd's alleged unconstitutional conduct because Everett did not know that Dodd improperly changed the search warrant. This argument requires us to consider the sufficiency of the evidence only, and not whether Everett violated a clearly established federal right. Therefore, we do not have jurisdiction to hear Everett's appeal.[4]

## III. STANDARD OF REVIEW

We review a district court's grant of summary judgment and denial of qualified immunity *de novo*, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party. *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011) (grant of summary judgment); *Gray*, 458 F.3d at 1303 (denial of qualified immunity). Summary judgment is appropriate where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S.

---

[4] Defendants' appeal of the denial of summary judgment as to Plaintiffs' conspiracy claim under § 1983 relies on Defendants' contention that because Everett did not know of Dodd's actions he could not agree to them, and so there was no basis for a conspiracy claim. Because we do not have jurisdiction to decide Everett's appeal, we cannot exercise pendent jurisdiction over the conspiracy claim. *See Harris v. Bd. of Educ.*, 105 F.3d 591, 594 (11th Cir. 1997) (per curiam) (finding that "pendent appellate jurisdiction is limited to questions that are inextricably interwoven with an issue properly before the appellate court." (internal quotation marks omitted)). To the extent that Everett seeks qualified immunity because Dodd's actions did not violate clearly established constitutional and federal law this argument is without merit, as we discuss below.

317, 322, 106 S. Ct. 2548, 2552 (1986).

## IV. QUALIFIED IMMUNITY

An officer is not entitled to qualified immunity when, acting in his discretionary capacity, he violates clearly established constitutional or federal law. *See Koch*, 221 F.3d at 1294. When executing the search warrant, Dodd was acting in her discretionary capacity as a law enforcement officer; therefore, our analysis focuses on whether Dodd violated clearly established law. *See id.* We decide whether the alleged facts show a violation of clearly established law by "(1) defining the official's conduct, based on the record and viewed most favorably to the non-moving party, and (2) determining whether a reasonable public official could have believed that the questioned conduct was lawful under clearly established law." *Id.* at 1295–96.

It is clearly established constitutional and federal law that a law enforcement officer may not search a home, absent exigent circumstances, unless he has a warrant that has been fully approved by a neutral and detached judicial officer. *See, e.g.*, *Groh v. Ramirez*, 540 U.S. 551, 564, 124 S. Ct. 1284, 1294 (2004) ("No reasonable officer could claim to be unaware of the basic rule, well established by our cases, that, absent consent or exigency, a warrantless search of the home is presumptively unconstitutional."); *Payton v. New York*, 445 U.S. 573,

586, 100 S. Ct. 1371, 1380 (1980) (finding warrentless searches of homes "presumptively unreasonable"); *Johnson v. United States*, 333 U.S. 10, 14, 68 S. Ct. 367, 369 (1948) ("When the right of privacy must reasonably yield to the right of search is, as a rule, to be decided by a judicial officer, not by a policeman or Government enforcement agent."); *O'Rourke v. Hayes*, 378 F.3d 1201, 1208–09 (11th Cir. 2004) (finding that a warrantless search without exigency violates clearly established rights, even in the absence of case law with factually similar circumstances).

Dodd used a forged search warrant to search Plaintiffs' home, and she does not now attempt to justify her error by claiming an exception to the warrant requirement, nor could she. Furthermore, her claim of ignorance of basic Fourth Amendment jurisprudence does not require us to grant her qualified immunity. The qualified immunity analysis asks "whether it would be clear to a *reasonable* officer that his conduct was unlawful in the situation he confronted," *Saucier v. Katz*, 533 U.S. 194, 202, 121 S. Ct. 2151, 2156 (2001) (emphasis added) *abrogated on other grounds by Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808 (2009), *not* whether the officer subjectively believed his actions to be lawful, *see Harlow v. Fitzgerald*, 457 U.S. 800, 817–18, 102 S. Ct. 2727, 2738 (1982) (adopting an "objective reasonableness" standard for qualified immunity inquiry);

*Whittier v Kobayashi*, 581 F.3d 1304, 1310 (11th Cir. 2009) (per curiam) (same).

Therefore, we affirm the district court's denial of qualified immunity as to Dodd.

## V. OFFICIAL IMMUNITY

We have jurisdiction to review an interlocutory appeal from the denial of official immunity under Georgia law. *See Hoyt v. Cooks*, 672 F.3d 972, 980–81 (11th Cir. 2012). We review the district court's denial of official immunity *de novo*. *Id.* Official immunity protects Georgia state officers and employees from liability. However, the Georgia Constitution permits state officers and employees to be held liable for damages "if they act with actual malice or with actual intent to cause injury in the performance of their official functions." Ga. Const. art. I § II ¶ IX(d). It is undisputed that Defendants were performing their official duties when executing the search warrant. Thus, the Gordons must show that Defendants were acting with actual malice or intent to cause injury for Defendants to not be protected by official immunity. *See Tant v. Perdue*, 629 S.E.2d 551, 553 (Ga. Ct. App. 2006).

Georgia case law defines "actual malice" as "express malice, i.e., a deliberate intention to do wrong, and does not include implied malice, i.e., the reckless disregard for the rights or safety of others." *Murphy v. Bajjani*, 647 S.E.2d 54, 60 (Ga. 2007) (quotations and citations omitted). A deliberate intention

to do wrong is "the intent to cause the harm suffered by the plaintiffs." *Id.* Viewing the facts in the light most favorable to the Gordons, we agree with the district court that there are genuine issues of fact regarding whether Dodd acted with actual malice and whether Everett knew of Dodd's actions. For example, Dodd knew that she needed to have the magistrate approve the name change, but now claims that she did not know that she needed the magistrate's approval to add an entirely new location to be searched. Additionally, there is contradictory testimony as to whether Everett read the affidavit, which did not include any description of the Gordons' home, and there is contradictory testimony as to how much time it took Dodd to amend the warrant.

## VI. SECTION 1983

Section 1983 requires plaintiffs to first show that they have been "deprived of a right secured by the Constitution and the laws of the United States" and secondly that the officers deprived them of this right acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S. Ct. 1729, 1733 (1978) (quotation marks omitted). Dodd was acting under the color of state law when she executed the invalid search warrant. Furthermore, by knowingly executing an invalid search warrant, Dodd clearly deprived the Gordons of their Fourth Amendment rights. *See Groh*, 540 U.S. at 558–60, 124 S. Ct. at 1290–91.

11

Therefore, we affirm the district court's grant of the Gordons' partial motion for summary judgment as to Dodd's liability on the federal claims.

## VII. CONCLUSION

We affirm the district court's denial of qualified immunity for Dodd and official immunity for Dodd and Everett. We also affirm the grant of the Gordons' partial motion for summary judgment regarding Dodd's liability for the federal claims. We dismiss the interlocutory appeal seeking qualified immunity for Everett for lack of jurisdiction, as well as the interlocutory appeal regarding the conspiracy claim under § 1983.

**AFFIRMED IN PART AND DISMISSED IN PART.**