**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS
COURT. ALL FILINGS MUST BE SUBMITTED WITHIN
THE TIMES SET BY OUR COURT RULES.***

**June 3, 2021**

# In the Court of Appeals of Georgia

A21A0023, A21A0024. ERICKSON v. WALKER et al.; and vice
versa.

PIPKIN, Judge.

In this civil action, Kimberly Erickson sued Jeanne Walker, Rudy Deveaux and
Tambra "Tammy" Walker (collectively "Employees") for negligence, alleging that
the Employees breached a ministerial duty to verify automobile insurance of a student
seeking a parking permit. In Case No. A21A0023, Erickson appeals from the trial
court's grant of summary judgment to Employees, arguing that the trial court
erroneously found that she could not prove causation. The Employees filed a cross-
appeal, Case No. A21A0024, seeking review of the same order, denying Employees'
motion for summary judgment on the issue of official immunity. For the reasons set
forth below, we reverse in part and affirm in part.

On appeal from the grant of summary judgment, legal questions are reviewed de novo, and this Court also conducts a de novo review of the evidence, viewed in the light most favorable to the nonmoving party, to determine if there is a genuine issue of material fact.

(Citations omitted). *Barnett v. Caldwell*, 302 Ga. 845, 845-856 (I) (809 SE2d 813) (2018).

So viewed, the evidence shows on May 10, 2017, Lily Price and Bryce Burrell were both students at Campbell High School. On the day of the accident, Price was standing in her sister's designated parking spot, waiting for a ride home when she was struck by Burrell as he backed his vehicle out of his designated parking spot; the impact knocked Price to the ground, and the vehicle rolled over Price's leg.

Burrell's father owned the vehicle and made it available for him to use. However, after the accident, it was revealed that Burrell was an excluded driver on his parent's insurance policy for the 2007 Ford Taurus. Accordingly, no liability coverage existed.

Erickson, Price's mother, sued[1] Jeanne Walker, Rudy Deveaux, and Tammy Johnson in their individual capacities based on their respective roles in issuing a

[1] Burrell and his parents were also named as defendants in the lawsuit but are not parties to this appeal.

2

parking permit to Burrell. Walker was the principal at Campbell, Deveaux was one of eight assistant principals, and Johnson was a part-time parent liaison and bookkeeper for the school. Neither Walker nor Deveaux had any direct involvement in approving Burrell's parking application but as administrators their duties involved supervising Johnson and the parking permit application process.

At the start of each semester, students seeking a parking permit at Campbell were required to submit payment, a written application, a valid driver's license, and proof of insurance. The written application included spaces for the applicant to include their personal identifying information, vehicle information, and insurance company and policy number; the bottom portion was reserved for school personnel to complete, and included lines for school personnel to initial, indicating that the insurance and driver's licence had been verified. The second page of the application included Rules and Regulations governing on-campus parking (hereinafter "Rules"). Johnson received and reviewed Burrell's application; her initials appear next to the line that read "insurance verified by" on the parking application. Johnson testified in her deposition that she confirmed that the vehicle listed on Burrell's parking application matched the vehicle listed on the insurance policy card.

The Employees moved for summary judgment asserting that they are entitled to official immunity for what they maintain are discretionary acts and that Price's injuries were not proximately caused by the Employees' conduct in issuing Burrell a parking permit. After a hearing, the trial court found that there was a disputed issue of material fact as to the existence of a policy controlling the issuance of parking permits, deferred classification of the Employees' conduct as discretionary or ministerial, and denied summary judgment as to the issue of official immunity. However, the trial court granted the Employees' motion for summary judgment on the issue of causation, finding that they were not the proximate cause of Price's injuries. These appeals follow.

*Case No. A21A0024*

The Employees argue that there is no genuine issue of material fact as to the existence of a parking permit policy and that no policy or directive created a

ministerial duty; thus, they contend they are protected from suit by official immunity.[2]

We agree.

"A suit against a public officer acting in his or her official capacity will be barred by official immunity unless the public officer (1) negligently performed a ministerial duty, or (2) acted with actual malice or an actual intent to cause injury while performing a discretionary duty." (Citation and punctuation omitted.) *Tant v. Purdue*, 278 Ga. App. 666, 668 (629 SE2d 551) (2006). Erickson does not allege that the Employees acted with malice or intent to injure; thus, this case turns on the classification of the Employees' duties as discretionary or ministerial.

> A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.

---

[2] "Because our Supreme Court has held that a court must consider as a threshold issue whether the officer is entitled to qualified immunity from personal liability in a lawsuit for damages" (citation and punctuation omitted) *Russell v. Barrett*, 296 Ga. App. 114, 116 (1) (673 SE2d 623) (2009), we will first address the Employees' cross appeal.

5

(Citation omitted.) *Roberts v. Mulkey*, 343 Ga. App. 685, 687 (1) (808 SE2d 32) (2017). Whether an act is discretionary is a legal question for the trial court to resolve. See *Nichols v. Prather*, 286 Ga. App. 889, 896 (4) (650 SE2d 380) (2007). However, when there is a conflict in the evidence or unresolved questions of fact pertaining to immunity, summary judgment is not appropriate. See *Glass v. Gates*, 311 Ga. App 563, 575-576 (2) (716 SE2d 611) (2011) (conflict in defendant's testimony created a fact issue as to existence of an unwritten policy precluding summary judgment).

Erickson does not argue, and there is no evidence in the record that would suggest, that there is a school district manual or any formal training addressing how parking permits are to be issued; instead she argues that the Cobb County Board of Education parking permit application and the accompanying rules and regulations pertaining to on campus parking, constitutes a policy, creating a ministerial responsibility for the Employees to verify students' proof of insurance. The trial court denied summary judgment concluding that there was a factual dispute as to the existence of a policy governing a school employee's conduct when issuing a parking

permit that the jury must resolve.[3] Interestingly, both Erickson and the Employees argue that there is no genuine issue of material fact but instead disagree on whether under those facts Employees have a ministerial duty.

The relevant inquiry is not whether or not the parking permit application and Rules constitute a policy, but rather whether the language used "mandate[s] simple, absolute, and definite action and require[s] the execution of a specific task without any exercise of discretion." *Grammens v. Dollar*, 287 Ga. 618, 620 (697 SE2d 775) (2010). Looking to the record to examine the relevant evidence, Part VIII of the Rules states that "[p]roof of insurance and a current Georgia Driver's License as required by state law shall be required prior to the assignment of a parking space." The parking application is available online and in the front office to students and staff who wish to park a vehicle on campus. As noted above, the application has a line for staff to indicate that they have "verified" an applicant's insurance.

Our Supreme Court has explained that

---

[3] The trial court did not specify where it found a conflict in the evidence or identify what questions it found remaining for a jury in concluding that there were "factual disputes regarding whether and to what extent a specific policy existed governing a school employee's conduct on the issuance of parking permits."

7

[a] ministerial duty may be established by evidence such as a written policy, an unwritten policy, a supervisor's specific directive, or a statute. Procedures or instructions adequate to cause an act to become merely ministerial must be so clear, definite and certain as merely to require the execution of a relatively simple, specific duty.

(Citations and punctuation omitted.) *Roper v. Greenway*, 294 Ga. 112, 114-115 (751 SE2d 351) (2013). In deciding this question, we find *Pearce v. Tucker* instructive. In that case, the Supreme Court of Georgia rejected the argument that a police officer's failure to complete a medical screening of a detainee and memorialize it on a form as required by written policy was a breach of a ministerial duty. 299 Ga. 224 (787 S.E.2d 749) (2016). While the policy in *Pearce* delineated what health information was to be obtained, it did not specify how the screening was to be conducted. Id at 228 (5). Here, the parking application and accompanying rules were far less specific than those in *Pearce*. The parking application language does not create a "clear, definite and certain" directive as it is not specific to any particular person or role, the application leaves the term "verify" open to interpretation, and both the application and Rules seem to require the interpretation of what "proof of insurance" means under Georgia law. While a written policy is not the only means of establishing a ministerial duty *Hill v. Jackson*, 336 Ga. App. 679, 684 (1) (783 SE2d 719) (2016),

8

here the record is absent any indication of a written or unwritten directive guiding *how* the Employees were to verify "proof of insurance." See *Grammens*, 287 Ga. at, 620-621 (written eye protection policy did not define "explosive materials" thus required teacher to use discretion); Cf. *Melton v. McCarthan*, 356 Ga. App. 676, 678 (1) 848 SE2d 684) (2020) (express written policy directing deputy to report incidents of violence created a ministerial duty). Accordingly, we hold the trial court erred in failing to conclude that the Employees were immune from suit on the basis of official immunity and we reverse that portion of the trial court's order.

*Case No. A21A0023*

Even if there were a jury question as to qualified immunity, we would still affirm the grant of summary judgment. Erickson argues that the trial court erred in concluding that she could not establish causation, urging that public policy considerations and Restatement 2d of Torts Section § 324A require that she be allowed to recover from the Employees. On appeal, Erickson argues not that the Employees caused Price's injuries, but that they had a duty to ensure that Price was able to recover compensation for her bodily injuries by verifying that Burrell's insurance coverage was valid and that their failure to do so resulted in an independent

9

harm for which she is able to recover. We disagree and find no authority in support of Erickson's novel argument.

> It is well established that to recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages. With respect to causation, a plaintiff must prove that the defendant's negligence was both the "cause in fact" and the "proximate cause" of the injury.

(Citations and punctuation omitted.) *Ware v. Jackson*, 357 Ga. App. 470, 476 (2) (848 SE2d 725) (2020).

While Erickson is correct that this state's "compulsory insurance law established the public policy that innocent persons who are injured should have an adequate recourse for the recovery of their damages," *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335, 341 (329 SE2d 136) (1985), she points to no authority that would create a separate harm that permits recovery based on a plaintiff's inability to obtain complete recovery from a tortfeasor.

In support of her argument, she relies heavily on *A. Atlanta Autosave v. Generali-US Branch*, 270 Ga. 757 (514 SE2d 651) (1999), but this reliance is misplaced. In *Generali,* our Supreme Court granted certiorari to consider the priority of insurance coverage for a rental car involved in a collision. Id. at at 757-758 (when

10

operator of rental car was determined to be uninsured, rental company's insurance became primary coverage for the collision). *Generali* is distinguishable from the instant case in a number of respects – the car rental company had a statutory duty to ensure that lessees carried auto insurance; the company as the owner of vehicle had a legal obligation to maintain auto insurance; and the legal action was between the owner of the vehicle involved in the collision and the insurance company with which an authorized operator of that vehicle had contracted. Id. Nothing in *Generali* extends liability to third parties that do not operate, own or insure a motor vehicle involved in a collision. Nor does the *Generali* Court recognize the inability to recover full damages as a separate harm for which an injured party can seek recovery from a third party as Erickson urges.

Erickson also relies on *Scott v. Joe Thompson Auto Rental & Leasing, Inc.*, 257 Ga. App. 453 (571 SE2d 475) (2002), another case involving car rental company's duty to ensure that a renter has liability coverage under OCGA § 40-9-102. However, the holding in *Scott* is directly adverse to Erickson's argument. This Court affirmed the grant of summary judgment and expressly rejected the argument that a rental car company's failure to confirm that its renter was insured was the cause of harm to the plaintiff stating "there is no proximate causal link between a . . . lack of personal

11

insurance and a collision." Id. at 455 (1). Even if the Employees did have a duty to verify insurance, that duty is remedial and would not prevent tortious acts by students and other motorists that visit the campus. See id. The purpose of mandatory auto insurance is not to prevent injury, but to expand the pool of people that have access to resources to compensate them for their injuries. See *Cotton States Mut. Ins. Co. v. Starnes*, 260 Ga. 235, 237 (392 SE2d 3) (1990); *Richards v. State Farm Mut. Automobile Ins. Co.,* 252 Ga. App. 45, 46 (555 SE2d 506) (2001); *Rabinovitz v. Accent Rent-A-Car*, 213 Ga. App. 786, 786-787 (446 SE2d 244) (1994) (physical precedent only).

Nor do we find Erickson's theory of negligent-undertaking under Restatement 2d of Torts compelling. Erickson argues that in undertaking a duty to verify that students parking on Campbell's campus were insured for the protection of others, the Employees assumed responsibility of ensuring that Price, an innocent victim who relied on the insurance requirement in the parking application before entering the parking lot, would be able to obtain adequate compensation for her injuries. She cites to Restatement 2d of Torts § 324A in support of this theory which provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the

protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Even if this provision is applicable, the Employees were not, as discussed above, rendering a service necessary for the protection of a third party. Any damages for which Price is entitled to recover ultimately stem from the bodily injuries she sustained as a result of collision. As previously noted, Erickson has presented no legal authority which supports a separate cause of action based on an inability to receive full compensation from a tortfeasor. Indeed none of the cases Erickson cites in her brief are factually analogous and instead involve premises liability. But accepting arguendo Erickson's theory as a valid basis for recovery, her claim is dependent upon her anticipated inability to receive complete recovery from the tortfeasor because of lack of insurance coverage. However, because insurance is not the only source of

compensation, incomplete recovery may not occur at any point.[4] Accordingly, we affirm the grant of summary judgment as to causation.

*Judgment affirmed in Case No. A21A0023. Judgment reversed in Case No. A21A0024. Miller, P. J., and Hodges, J., concur.*

---

[4]It appears from the record that the case is still pending against the remaining defendants from whom Price can potentially recover damages.