A00A0563. WANLESS et al. v. TATUM et al.

(536 SE2d 308)

POPE, Presiding Judge.

On November 26, 1996, Juanita Wanless died in a single car collision on Norris Lake Road in DeKalb County. Sonjet Wanless and John Wanless, individually and as administrators of her estate, brought suit against Ford Motor Company, Mazda Motor Corporation, Mazda Motors of America, Charles Tatum and Benjamin Glover. At the relevant time, Charles Tatum was employed as a senior engineer in the Field Section of the DeKalb County Public Works Roads & Drainage Department. Benjamin Glover, also a senior engineer in the department, served as the traffic cut-through coordinator of the DeKalb County speed hump program. The Wanlesses filed a motion for summary judgment on the issue of whether Tatum and Glover had negligently performed ministerial functions in responding to public complaints about Norris Lake Road. Tatum and Glover filed a cross-motion asserting that they were protected by official immunity. The trial court denied the Wanlesses' motion and instead granted summary judgment to Tatum and Glover finding that they were entitled to immunity. The Wanlesses appeal.

To determine if the Wanlesses' claims against Tatum and Glover are barred by official immunity, we must first determine whether the actions of Tatum and Glover were ministerial or discretionary:

> A suit against a public officer acting in his or her official capacity will be barred by official immunity unless the public officer (1) negligently performed a *ministerial* duty, or (2) acted with actual malice or an actual intent to cause injury while performing a *discretionary* duty. See Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d) (as amended 1991); [cit.]

(Emphasis in original.) *Lincoln County v. Edmond*, 231 Ga. App. 871, 874 (2) (501 SE2d 38) (1998). A determination of whether a public official's acts are ministerial or discretionary turns upon the facts of each case. *Nelson v. Spalding County*, 249 Ga. 334, 336 (2) (a) (290 SE2d 915) (1982).

We have defined a ministerial act as "commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty." (Citation omitted.) *Phillips v. Walls*, 242 Ga. App. 309, 311 (1) (529 SE2d 626) (2000). A discretionary act, on the other hand, is one that requires "the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." Id. Accordingly, we must examine the specific allegations against each defendant.

*Charles Tatum*

As a senior engineer in the Field Section of DeKalb County's Roads & Drainage Department, Tatum is responsible for determining whether traffic control devices should be installed upon a stretch of road. In that position he generally assigns lower level engineers to investigate complaints received by the department and supervises them "in their determination of what, if any, traffic devices are necessary for a stretch of road." Tatum sometimes investigates complaints himself. Tatum testified that when a citizen calls to complain about safety or traffic conditions on a stretch of road, it is the policy of his department to write up a complaint and it will be investigated by someone in the department.

Carroll Burns submitted an affidavit stating that she spoke with Tatum before the Wanless accident and complained that "traffic on Norris Lake Road was too fast and that DeKalb County needed to install either speed humps, guardrails, rumble strips or reflectors in the curve" where the accident occurred. The Wanlesses assert that Tatum breached DeKalb County policy by failing to follow up on that complaint.

Tatum denies receiving a call from Burns about Norris Lake Road prior to Juanita Wanless' accident in November 1996. He did receive a call from her in May 1997, however, asking that recreational signs be installed because the county was building a recreation area off Norris Lake Road. Tatum personally investigated Burns' request. At that time, he noticed that existing chevron signs near the site of Wanless' accident had been knocked down. Chevron signs are installed to indicate a curve in the road. Tatum submitted a work order, and the signs were replaced.

The Wanlesses contend that Tatum breached a ministerial duty by failing to assign someone to investigate Burns' complaint prior to Wanless' accident. They assert that if it had been investigated earlier, someone would have noticed the broken signs and had them replaced, possibly preventing the accident. Tatum denies receiving the call but argues that even if he did, there was no requirement that it be investigated within any particular time frame. Therefore, he argues that it was in his discretion when to investigate and no ministerial duty was breached.

The record in this case demonstrates that the DeKalb County Roads & Drainage Department had an established policy regarding the handling of citizen complaints. If a citizen called in to make a complaint, the DeKalb County employee who took the call was required to write it down and it was forwarded to the appropriate section for investigation. If the complaint was about safety or traffic conditions on a particular stretch of road, according to Tatum's testi-

mony, it would be investigated by someone in his section, the Field Section.

We find that this policy established a ministerial duty on the department's employees to record and investigate complaints: "While the act of establishing a policy in the first place is discretionary, the acts of following established policies of (writing up the complaint and investigating it) are ministerial." *Phillips v. Walls*, 242 Ga. App. at 311 (1). And the fact that an employee, such as Tatum, may have had discretion as to when to conduct an investigation does not change the ministerial nature of the task. "[T]he execution of a specific task is characterized as ministerial even though the manner in which it is accomplished is left to the employee's discretion." *Joyce v. Van Arsdale*, 196 Ga. App. 95, 97 (395 SE2d 275) (1990). See also *Lincoln County v. Edmond*, 231 Ga. App. at 874 (2) (discretion in how a tree would be removed did not change the fact that the tree must be removed).

In this instance, a jury issue exists as to whether Tatum actually received a complaint from Burns prior to the Wanless accident. Burns states she talked to him before the accident, and he denies receiving a call until May 1997. And if he did receive the complaint, a separate jury issue exists as to whether Tatum properly followed up on the call. Burns states that she complained that the traffic was too fast and specifically mentioned that DeKalb County needed to install either speed humps, guardrails, rumble strips or reflectors in the curves where Wanless' accident occurred. While the evidence shows that speed humps, guardrails and rumble strips were not within Tatum's area of responsibility, his department is responsible for investigating complaints about traffic conditions and about signs or reflectors in curves. Therefore, a jury must decide whether Tatum properly followed department policy for investigating Burns' complaint, including whether six months was a reasonable response time. In short, the jury must decide whether he negligently breached his ministerial duty to investigate. Accordingly, the trial court erred in granting Tatum's motion for summary judgment on the ground of official immunity.[1]

### Benjamin Glover

In early 1995, Glover was a senior engineer and served as traffic cut-through coordinator for DeKalb County's speed hump program. In that capacity, he received a call complaining of speeding and

---

[1] Although we find a jury issue exists as to whether any duty was breached, the parties do not address and we do not reach the issue of whether there is any evidence of the other elements of a negligence claim against Tatum.

requesting speed humps on Norris Lake Road. In response to the complaint, Glover went out and drove the road. He determined that it was not eligible for speed humps under the DeKalb County program because it was a "collector" road. According to Glover, a collector road is one with the capacity to carry more cars than a residential street. He reported his findings back to the citizen but did not report back to his supervisors on his determination.

The Wanlesses contend that Glover breached a ministerial duty by failing to provide a written report to his superiors. They base this argument on the deposition testimony of Carl Glover, Associate Director for the DeKalb County Roads & Drainage Department. Carl Glover testified regarding the procedures to be followed when a citizen complains about too many accidents occurring on a road. In that instance, the investigating employees are required to investigate and prepare a written report of their findings for their supervisors, even where they determine that no further action is required. The supervisors then review the report to determine if a further traffic study is required. But nothing in the record indicates that the same procedure applies to a request for speed humps. There is nothing to indicate that Benjamin Glover had the duty to prepare a written report of his conclusion that Norris Lake Road did not qualify for speed humps because it was a collector road. Accordingly, there is no evidence that he breached any duty at all, and the trial court properly granted him summary judgment.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Miller, J., concur.*

DECIDED JULY 10, 2000

*Hertz & Link, Eric J. Hertz, Mark D. Link, Houston D. Smith III,* for appellants.

*Jonathan A. Weintraub, Joan F. Roach, Hyen-Yeng Sung, Daniel S. Digby,* for appellees.