## S09G0510. GRAMMENS v. DOLLAR.

(697 SE2d 775)

BENHAM, Justice.

David Dollar suffered an eye injury during a science experiment performed in his eighth-grade science class taught by appellant Patricia Grammens. The experiment consisted of "launching" a two-liter plastic soda bottle by means of water and air pressure. The soda bottle, containing water, lifted off the launch pad when air was pumped into the bottle and the U-shaped pin holding the bottle in place was removed. The student was struck in the eye by the metal pin when the student removed the pin by pulling on the string attached to the pin in order to launch the bottle. Appellee John F. Dollar is David's father who, acting individually and on behalf of his son, filed suit against the teacher, the school principal, and the school superintendent, alleging his son's injury was the result of a purported violation of an eye-protection policy promulgated by the Forsyth County Board of Education. The policy requires people to wear

> appropriate industrial-quality eye protection equipment at all times while participating in or observing vocational, industrial arts, chemical, physical, or any other course of instruction involving any of the following:
> 1. Molten metal or other molten materials[;]
> 2. Milling, sawing, turning, shaping, cutting, grinding, or stamping on any solid materials[;]
> 3. Heat treatment, tempering or kiln-firing of any metal or other materials[;]
> 4. Gas or electric arc welding or other forms of welding process[;]
> 5. Repair or servicing of any vehicle[;]
> 6. Caustic or explosive materials[;]
> 7. Finishing materials and solvents[;]
> 8. Injurious radiation or other hazards.

The trial court granted summary judgment to the defendants on

the ground that the negligence claims complained of were discretionary acts for which all the defendants were protected from personal liability by official immunity. On appeal, the Court of Appeals affirmed as to the superintendent and the principal, but reversed with regard to the teacher. The Court of Appeals determined that the teacher did not fall under the umbrella of official immunity because the eye-protection policy required a ministerial, not discretionary, act on the part of the teacher. *Dollar v. Grammens*, 294 Ga. App. 888 (1) (670 SE2d 555) (2008). We granted the teacher's petition for a writ of certiorari to the Court of Appeals and asked the parties to address whether the Court of Appeals erred in ruling that the eye-protection policy imposed upon the teacher a ministerial duty to require those observing or participating in the bottle-rocket experiment to wear eye-protection equipment.

> The doctrine of official immunity, also known as qualified immunity, offers public officers and employees limited protection from suit in their personal capacity. [Cit.] Qualified immunity "protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption." [Cit.] Under Georgia law, a public officer or employee may be personally liable only for ministerial acts negligently performed or acts performed with malice or an intent to injure. [Cit.] The rationale for this immunity is to preserve the public employee's independence of action without fear of lawsuits and to prevent a review of his or her judgment in hindsight. [Cit.]

*Cameron v. Lang*, 274 Ga. 122 (1) (549 SE2d 341) (2001). Since there is no evidence that Ms. Grammens acted or failed to act with malice, wilfulness, or an intent to injure, the question before us is whether the Court of Appeals correctly determined that Ms. Grammens's failure to require students observing the experiment to don safety glasses was the failure to perform a ministerial, rather than a discretionary, act.

> A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.

*McDowell v. Smith*, 285 Ga. 592, 593 (678 SE2d 922) (2009), quoting

*Murphy v. Bajjani*, 282 Ga. 197, 199 (647 SE2d 54) (2007). Whether the act of a public official is ministerial or discretionary is determined by the facts of each individual case (*Nelson v. Spalding County*, 249 Ga. 334 (2) (a) (290 SE2d 915) (1982)), particularly the facts specifically relevant to the official's act or omission from which the alleged liability arises. *Meagher v. Quick*, 264 Ga. App. 639 (1) (594 SE2d 182) (2003).

Where there is an established policy requiring an official to take specified action in a specified situation, the policy creates a ministerial duty on the part of the official to perform the specified task. *Happoldt v. Kutscher*, 256 Ga. App. 96 (1) (567 SE2d 380) (2002). See also *Standard v. Hobbs*, 263 Ga. App. 873 (1) (589 SE2d 634) (2003) ("when 'a governmental department creates its own policy requiring certain actions under certain situations, then the actors for that department have a ministerial duty to follow the policy.' "). In order for the written policy to impose a ministerial duty, the policy must mandate simple, absolute, and definite action and require the execution of a specific task without any exercise of discretion. *McDowell v. Smith*, supra, 285 Ga. at 593-594. In the following cases, written policies were ruled to require ministerial acts because the policy clearly set out the factual situation that required the ministerial act and gave the public official no discretion. See id. (when a phone call or facsimile transmission requests the early release of a child from school, the written policy requires the school employee to follow certain procedures to authorize the child's release); *Meagher v. Quick*, supra, 264 Ga. App. 639, 643 (when a police officer responds to a call reporting suspected family violence, the written policy (OCGA § 17-4-20.1 (c)) requires the officer to complete a written family violence report); *Nelson v. Spalding County*, supra, 249 Ga. at 336 (when a traffic sign is in need of placement or replacement, the written policy requires Nelson to do so upon being notified of the need); *Wanless v. Tatum*, 244 Ga. App. 882, 884 (536 SE2d 308) (2000) (when a citizen lodges a complaint, the written policy requires the employee receiving the complaint to make a written record of it and for the complaint to be investigated); *Lincoln County v. Edmond*, 231 Ga. App. 871 (2) (501 SE2d 38) (1998) (when a downed tree is a roadway obstruction, the county's policy requires that warnings of the downed tree's presence be erected and the tree removed).

In the situations presented by previous cases, the written policy did not require the public official to decide whether the condition that was the necessary prerequisite to the ministerial act existed. In the case at bar, however, the ministerial duty requiring the use of eye-protection equipment during the course of instruction was contingent upon the use of caustic or explosive materials. Because the written policy did not define the term "explosive materials," the

policy required the instructor to engage in a discretionary act, i.e., to exercise personal deliberation and judgment by examining the facts and reach a reasoned conclusion with regard to the applicability of the dictates of the written policy. Where the written policy requires the public official to exercise discretion in the implementation of the written policy, the policy does not require the performance of a ministerial duty. *Perkins v. Morgan County School Dist.*, 222 Ga. App. 831 (476 SE2d 592) (1996). See also *McDowell v. Smith*, supra, 285 Ga. at 594 (distinguishing *Perkins* from *McDowell*). Because the eye-protection policy required the teacher to perform a discretionary act to determine if the policy was applicable, the policy did not impose a ministerial duty upon the teacher, and the trial court correctly ruled that official immunity shielded her from personal liability. The Court of Appeals erred in reversing the judgment of the trial court.

*Judgment reversed. All the Justices concur, except Hunstein, C. J., Carley, P. J., and Thompson, J., who dissent.*

HUNSTEIN, Chief Justice, dissenting.

The majority holds that because the term "explosive materials" is not defined in the written eye-protection policy, Grammens was required to use discretion in deciding whether the policy applied to the "bottle rocket" experiment and was thus entitled to official immunity from personal liability for the injury at issue. Because I disagree with the foundation for this analysis, i.e., the determination that the term "explosive materials" is somehow ambiguous, I must respectfully dissent.

As noted by the Court of Appeals, the instructions for the experiment warned of "the possibility of the bottle exploding." *Dollar v. Grammens*, 294 Ga. App. 888, 892 (670 SE2d 555) (2008). Although Grammens presented the affidavit of a mechanical engineer concluding that the experiment "did not involve explosive materials or an explosion but rather was a controlled venting of pressure," id., the eye-protection policy is not a technical document drafted for use by members of the American Society of Mechanical Engineers. Its terms should be evaluated in accordance with the manner in which they would be reviewed by Forsyth County school teachers, and the common understanding of terms such as "explosive," "exploding" and "explosion" encompasses the launching of a projectile using air pressure. See Webster's New Collegiate Dictionary (1973), p. 404 (defining "explode" as, inter alia, "to burst forth with sudden violence or noise"). Because application of the eye-protection policy in this situation required no discretion on the part of Grammens, she is not entitled to official immunity, and I would affirm the Court of Appeals's reversal of the trial court's grant of

622

summary judgment to her.

I am authorized to state that Presiding Justice Carley and Justice Thompson join in this dissent.

DECIDED JULY 5, 2010 —
RECONSIDERATION DENIED JULY 26, 2010.

*Gray, Rust, St. Amand, Moffett & Brieske, Matthew G. Moffett, Wayne S. Melnick, Harben & Hartley, Phillip L. Hartley, Martha M. Pearson*, for appellant.

*Holland, Schaefer, Roddenbery & Blitch, James D. Blitch IV*, for appellees.

*Womack, Gottlieb & Rodham, Ronald R. Womack, Steven M. Rodham*, amici curiae.