[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14616
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-02691-AT

AUDREY EILEEN MORRISON,

                                                      Plaintiff–Appellant,

versus

CITY OF ATLANTA,
MAYOR OF THE CITY OF ATLANTA,
CEASAR C. MITCHELL,
OFFICER ROBERT A. BOYD,
OFFICER G. WALKER, et al.,

                                                      Defendants–Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 9, 2015)

Before HULL, ROSENBAUM and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Audrey Morrison appeals the district court's order granting summary judgment to the City of Atlanta and to Officers Boyd and Walker on her 42 U.S.C. § 1983 claims for excessive force and inadequate medical care. We affirm.

## I. BACKGROUND

A. *Facts*

We construe the facts in the light most favorable to Morrison, as did the district court. The facts arise from Morrison's attendance at a concert at Chastain Park Amphitheater in August 2010. Morrison attended the Friday night concert with her husband and one of his co-workers. During the concert, Morrison moved to approach the stage and noticed a security guard directing other attendees to move back from the stage. She decided to go up the bleachers, away from the stage, and smoke a cigarette. On the way up the stairs, someone grabbed her around the throat and forcefully slammed her down onto the cement. She landed on the right side of her body and her face hit the cement. It was dark, and she did not know who attacked her, so she kicked the attacker in defense. She then heard her husband ask an individual why he slammed his wife to the ground. At that point, Morrison realized it was an officer. The officer punched her husband in the

2

face, knocked him to the ground and then smashed Morrison's face into the cement until he secured her with handcuffs. Morrison stated that although she was injured and in pain, no EMS personnel checked her injuries. She did admit that she and her husband had been drinking at the concert.

The officer transported Morrison and her husband to a police station. Morrison did not identify her specific injuries, but claimed that she sustained abrasions to her face, neck, shoulder, and knee. During the five hours the police detained her at the station, no one checked her injuries or cleaned her wounds. During this time, she repeatedly asked to use a restroom, but none of the officers responded to her request. Eventually, she soiled herself. Morrison stated that no officer offered her or her husband water during their detention. At some point, her husband was able to use a restroom and get some water. Morrison asked him to bring her some water in his mouth. He was able to do that, and he spit the water into her mouth.

After someone informed Morrison that she was going to jail and would not be released until Monday, she started "freaking out" and hyperventilating. She was concerned for her 2 year-old child, who was with a sitter and had a medical condition that required regular medications. The sitter did not have enough medicine for the child, and Morrison begged the officers to allow her to call the sitter, but she received no response. Morrison became so distraught and anxious

3

and requested someone help her obtain her medicine, but no one offered to help. She then began to bang her head on the wall to get attention and treatment. Eventually, officers transported her to the Fulton County Jail, where she remained until early the next day, when the authorities released her.

### B.  *Procedural History*

Morrison filed her complaint against the City of Atlanta, Officers Boyd and Walker, Fulton County, and other defendants asserting claims under 42 U.S.C. § 1983 and state law for excessive force and inadequate medical care.  The Fulton County defendants and the City defendants moved for summary judgment on all claims.  The district court granted summary judgment to all defendants on all claims.  Morrison filed her notice of appeal.  This court granted a joint motion to dismiss with prejudice the appeal as to the Fulton County defendants.

## II.  ISSUE

Whether the district court erred in granting summary judgment to the City defendants on Morrison's 42 U.S.C. § 1983 claims.

## III.  STANDARD OF REVIEW

We review the district court's grant of summary judgment de novo.  *Myers v. Bowman*, 713 F.3d 1319, 1326 (11th Cir. 2013).

4

Like the district court, we "must consider the facts and the justifiable inferences in the light most favorable to the nonmoving party," which here is Morrison. *West v. Davis*, 767 F.3d 1063, 1066 (11th Cir. 2014). "Summary judgment may be granted only if there is no genuine dispute of any material fact and the movant is entitled to judgment as a matter of law." *Id.* "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case. An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (quoting *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004)).

## IV.  DISCUSSION

A.  *Excessive Force*

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002). "Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id*. (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 1871–72 (1989)). This circuit has explained that the "application of de minimis force, without more, will not support" an

5

excessive force claim and will not defeat an officer's qualified immunity. *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000). Qualified immunity functions as immunity from suit, and officials seeking qualified immunity must first establish that they were acting within their discretionary authority when the alleged constitutional violation occurred." *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291 (11th Cir. 2009). The burden then shifts to the plaintiff, who can overcome the qualified immunity defense by showing that (1) the defendant's conduct violated a constitutional right and (2) this right was "clearly established at the time of the alleged violation." *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010).

To prevail on a Fourth Amendment excessive-force claim, the plaintiff must show both that a seizure occurred and the force used was unreasonable. *See Troupe v. Sarasota Cnty., Fla.*, 419 F.3d 1160, 1166 (11th Cir. 2005). "The 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting him, *without regard to his underlying intent or motivation.*" *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d 1243, 1248 (11th Cir. 2004) (emphasis added). As a result, the question whether Officer Boyd acted unconstitutionally is answered from the perspective of a reasonable officer.

6

The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . .  The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

*Troupe*, 419 F.3d at 1168 (quoting *Menuel v. City of Atlanta*, 25 F.3d 990, 996 (11th Cir. 1994)).

Morrison's excessive force claim fails.  First, in her declaration, she admitted that she had no idea who slammed her to the ground.  Despite this fact, she submitted no testimony or other evidence (other than her own hearsay statement) from the one person who allegedly identified Officer Boyd as her attacker—her husband—in opposition to the defendants' motion for summary judgment.  On the other hand, Officer Boyd attested that he had no interaction with Morrison until after she was already on the ground and engaged in an altercation with private security officers.  Morrison offered no competent evidence to refute Boyd's statement or to support her conclusory assertion that Officer Boyd was the individual who slammed her to the ground.  Against Officer Boyd's specific testimony regarding when his involvement with Morrison began, Morrison's conclusory and speculative assertion is insufficient to raise a genuine issue for trial.  *See Leigh v. Warner Bros. Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) (holding that

an affidavit that contains a brief conclusory assertion without supporting facts has no probative value).

Second, Morrison cannot demonstrate that the force Officer Boyd used to detain her was objectively unreasonable.  Morrison admits that she had been drinking at the concert, and when Officer Boyd arrived at the scene, Morrison was struggling with security personnel.  Officer Boyd used the force necessary to subdue Morrison.  Moreover, Morrison does not demonstrate that she suffered more than minor injuries.  She does not identify any specific injuries, but contends that she did not receive medical care to clean her open wounds.  Morrison fails to overcome her burden to show that Officer Boyd is not entitled to qualified immunity under these circumstances.  Accordingly, the district court properly granted summary judgment to Officer Boyd.[1]

B. *Inadequate medical care*

Morrison alleges that Officers Boyd and Walker provided no medical care for her injuries at the event facility or in the police precinct and contends that such conduct violated her constitutional rights.

---

[1] Morrison made no claims as to excessive force against Officer Walker and made no argument that any other defendant, including the City, should be liable for Officer Boyd's conduct.  Thus, the district court properly dismissed these claims and granted judgment for Officer Walker and the City on Morrison's claim of excessive force.

8

Due process requires penal facilities to provide inmates with adequate medical care. A pretrial detainee's rights exist under the due process clause of the Fourteenth Amendment rather than the Eighth Amendment. Nonetheless, this circuit has applied the Eighth Amendment's "serious medical needs" analysis to pretrial detainee's claims of inadequate medical treatment under the Fourteenth Amendment. *See Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1574 (11th Cir. 1985). To prevail on a deprivation of medical care claim, a prisoner must show that she suffered a serious medical need, the defendants exhibited deliberate indifference to that need, and the indifference caused the plaintiff's injury. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009).

Morrison cannot prevail on her claim of inadequate medical care. She does not present any sufficient evidence that she suffered from "an objectively serious medical need," so grave that "if left unattended, pose[d] a substantial risk of serious harm." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal quotation marks and alterations omitted). Morrison mentions only that she suffered facial wounds that were not cleaned and eventually became infected. These wounds do not constitute a serious medical need. *See Duncan v. Corr. Med. Serv.*, 451 F. App'x 901, 903 (11th Cir. 2012) (stating that a serious medical need can be either (1) "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize

9

the necessity for a doctor's attention" or (2) one where "a delay in treating the need worsens the condition" (quoting *Mann*, 588 F.3d at 1307)). Accordingly, the district court properly granted judgment to the officers on Morrison's inadequate medical needs claim.

## V. CONCLUSION

The district court properly granted summary judgment to the City and the officers on Morrison's 42 U.S.C. § 1983 claims of excessive force and inadequate medical care. The district court also properly dismissed the state law claims of assault and battery against the City, as it was entitled to sovereign immunity. *See Cameron v. Lang*, 549 S.E.2d 341, 346 (Ga. 2001) (sovereign immunity protects all levels of government from legal action unless they have waived immunity). Similarly, the district court properly granted official immunity to the officers on Morrison's state law claims of assault and battery because she failed to offer any evidence that either officer acted negligently or with malice. *See Gilbert v. Richardson*, 452 S.E.2d 476, 481 (Ga. 1994) (finding that official immunity offers limited protection from suit to governmental officers and employees); *Grammens v. Dollar*, 697 S.E.2d 775, 777 (Ga. 2010) (noting that public officer is personally liable for acts negligently performed or acts performed with malice or an intent to injure). Accordingly, we affirm the district court's grant of summary judgment to the defendants.

10

AFFIRMED.