[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-10614

Non-Argument Calendar

————————————————

RENARDO NEHEMIAH LEWIS,
LUBREEZE LEWIS-FRANKLIN,

Plaintiffs-Appellants,

*versus*

CITY OF MARIETTA,
CHIEF DAN FLYNN,
Police Chief Individual and Professional Capacity,
ENRIQUE MALLEN,
JOSHUA MADISON,
STACEY FOWLER,
In their individual and professional capacities, et al.,

2                    Opinion of the Court                    23-10614

Defendants-Appellees,


MUHAMMED IFTIKHAR,
CEO Individual and Personal, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-01883-ELR

_____

Before ABUDU, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Appellants Renardo Lewis and Lubreeze Lewis-Franklin (Lewis's wife) appeal the district court's order granting Appellees' motion to dismiss, pursuant to Civil Rule of Civil Procedure 12(b)(6), Appellants' 42 U.S.C. § 1983 complaint. Appellants originally filed their complaint in state court, alleging claims of malicious prosecution, false arrest, and excessive force against the Appellees, the City of Marietta, Marietta Police Chief Dan Flynn, City of Marietta police officers Joshua Madison, Stacey Fowler, Enrique Mallen and Noah Mack ("City Appellees"), International House of Pancakes ("IHOP") employees Joseph Sudderth and David

Vanzant, IHOP's CEO Muhammed Iftikhar and Iftikhar Enterprises, Inc. ("IHOP Defendants"). Appellees/Defendants removed the case to federal court, and Appellants filed an amended complaint raising fifteen counts against the various Appellees/Defendants. The IHOP Defendants filed answers, and the City Appellees moved to dismiss all the claims against them. The district court dismissed the claims against the City Appellees, and the Appellants appeal from this order of dismissal. Having read the parties' briefs and reviewed the record, we affirm in part and reverse in part the district court's order.

## I.

According to the complaint, early on the morning of Sunday, March 31, 2019, Lewis entered an IHOP to place a take-out order. Lewis requested bacon as part of his order, and Sudderth, an employee, informed Lewis that the restaurant was out of bacon. Lewis returned to his vehicle to ask his wife what she wanted in place of bacon, and when Lewis re-entered the IHOP, Sudderth informed him that the grill was closed. Lewis and Sudderth engaged in a verbal exchange regarding the restaurant's customer service. David Vanzant, cook and manager at the IHOP, called the police to report that Lewis had threatened the staff and had a weapon. Officer Madison initially responded to the call, and later Officers Mallen, Fowler, and Mack joined him at the IHOP. Officer Fowler requested that Lewis produce his driver's license, and while he was doing so, Lewis heard Officer Madison yelling at his wife. Lewis pivoted to check on his wife, and at that point, Lewis alleges that Officer Mallen forcefully grabbed his arm and slammed him

4                    Opinion of the Court                    23-10614

against the glass window.  Lewis claims that the officers proceeded to beat him, stun him with a taser, and arrest him, although he was complying with the officers' instructions and was not resisting.  Officers took Lewis to the hospital and then to the Cobb County Detention Center.

Officials charged Lewis with twenty-seven criminal counts stemming from the IHOP incident and held him in jail for thirty-one days.  Later, a grand jury indicted him on all charges, but the State entered a *nolle prosequi*.  Subsequently, Lewis and his wife filed their complaint against the Appellees.  They asserted the following federal claims for: (1) excessive force against the City Officers; (2) *Monell*[1] liability against the City and Chief of Police; (3) malicious prosecution against the City Officers; (4) false arrest against the City Officers; (5) false imprisonment against the City Officers and IHOP Defendants; state claims for (6) malicious prosecution against City Officers, Vanzant and Sudderth; (7) intentional infliction of emotion distress against City Officers, Vanzant and Sudderth, (8) assault and battery against City Officers; (9) negligent hiring and retention against the City and Chief of Police; (10) false arrest against the Sheriff; (11) false imprisonment and false arrest against the Sheriff; (12) federal claim of conspiracy against the City Officer and the IHOP Defendants; (13) state law claim of vicarious liability against Iftikhar and Iftikhar Enterprises; (14) state law claim of negligent hiring and retention against Iftikhar and Iftikhar Enterprises; and (15) state law claim of loss of consortium against

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

all Appellees.  The City Appellees moved to dismiss the claims under Rule 12(b)(6), and the district court granted the motion.  The IHOP Defendants did not join in the motion to dismiss, and they are not parties in this appeal.

## II.

We review *de novo* a district court's grant of a motion to dismiss, "accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 863-64 (11th Cir. 2017) (internal quotation marks and alteration omitted).  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).  While a complaint need not contain detailed allegations, it must "include enough facts to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Boyd*, 856 F.3d at 864 (internal quotation marks omitted).

"In ruling on a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."  *Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citation omitted).  When the exhibits attached to the plaintiff's pleading contradict the general and conclusory allegations of the pleading, the exhibits govern, even at the motion to dismiss stage.  *See Griffin Indust. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).  Moreover, video

footage that obviously contradicts the non-movant's version of the facts will be considered rather than the non-movant's account. *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1315 (11th Cir. 2010).

### III.

    A.  Motion to Dismiss
    1.  The City

Appellants contend that the district court erred by granting the City Appellees' motion to dismiss their federal § 1983 claims. Specifically, as to the City, however, the Appellants fail to include any arguments or authority to show how the district court erred in finding that the City was not liable for any claim. As such, they have abandoned their claims against the City. *See Christmas v. Harris Cnty., Ga.*, 51 F.4th 1348, 1354 (11th Cir. 2022) (failure to raise an issue in an initial brief is a forfeiture of that issue). Further, on the merits, the Appellants fail to allege a direct causal link between the City's policy or custom and the alleged constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 1203 (1989); *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003). Appellants do not allege facts to support their contention that the City had an officially promulgated policy or an unofficial custom or practice of allowing for excessive force, false arrest, or malicious prosecution by its officers. Rather, the Appellants make broad and conclusory allegations regarding the policies and training of City officers and fail to state a § 1983 claim against the City.

Appellants also fail to state adequately a claim against the City pursuant to *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S.

658, 694, 98 S. Ct. 2018, 2037 (1978) (local government cannot be sued under § 1983 for an injury inflicted solely by its agents or employees). Absent an explicit policy for inadequate training or supervision, the Appellants must show that the City's failure to train evidenced a "deliberate indifference" to the rights of its inhabitants. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). Appellants can make this showing by presenting "some evidence that the [City] knew of a need to train and/or supervise in a particular area and the [City] made a deliberate choice not to take any action." *Id*. Appellants' claim is devoid of any such showing, and we conclude from the record that their § 1983 claims against the City fail. Thus, we affirm the district court's order dismissing these claims against the City.

### 2. Chief of Police

Appellants claim that the district court erred in dismissing the federal § 1983 claim for supervisory liability and the state law claim of negligent hiring and retention against the Chief of Police in his individual capacity. However, they fail to argue or brief any authority to support their claim. As such, they have abandoned this claim. *See Christmas*, 51 F.4th at 1354. Assuming they did not abandon these claims, the federal claim fails nonetheless because the Appellants make no allegations that the Chief of Police directly participated in any of the alleged constitutional violations. *See Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1047-48 (11th Cir. 2014) (stating that to be held liable under a theory of supervisory liability, a plaintiff must show that the supervisor "either directly

participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation"). As for the state claim, because the Appellants do not show malice or an intent to injure by the Chief, this claim also fails. *See Grammens v. Dollar*, 697 S.E. 2d 775, 777 (Ga. 2010) (stating that official is entitled to immunity unless plaintiff can show that officer acted with actual malice or an intent to injure in undertaking his discretionary acts of hiring and retaining employees). Thus, we conclude that the district court properly dismissed these claims against the Chief of Police.

### 3. Individual Officers

Appellants argue that the district court erred in dismissing their federal Fourth Amendment claims of excessive force, malicious prosecution, false arrest, and conspiracy against the individual officers. The district court conducted an analysis under qualified immunity and found that there was no dispute that the officers were acting within the scope of their discretionary authority during the incident. *Grider v. City of Auburn*, 618 F.3d 1240, 1268 (11th Cir. 2010). The district court thus considered whether the Appellants presented sufficient facts to allege a violation of a constitutional right, and, if so, whether that right was clearly established. Finding that the Appellants failed to support their allegations, the district court determined that the officers were entitled to qualified immunity and dismissed these claims.

We conclude, based on the record, that the district court erred in dismissing the Appellees' claim of excessive force. Having

reviewed the record, particularly the videotape of the incident, we conclude that the officers initial use of force to secure Lewis against the window was reasonable under the circumstances.  However, we disagree with the district court regarding the continued use of force by the officers.  Although Lewis was verbally caustic toward the officers, he did not appear combative physically, and a reasonable officer would not have used a disproportionate amount of force under the circumstances as these officers did to subdue Lewis and handcuff him.  We conclude that the Appellees' complaint contains sufficient factual matter, that accepted as true, states a claim to relief that is plausible on its face.  Accordingly, we reverse the district court's order of dismissal as to the excessive force claim against the individual officers, and remand this claim to the district court.

However, we conclude that the district court properly dismissed the malicious prosecution claim, the false arrest claim, and the conspiracy claim against the individual officers.  The Appellants do not allege facts sufficient to establish that the legal process justifying his seizure was constitutionally infirm and that his seizure would not otherwise be justified without legal process.  *See Williams v. Aguirre,* 965 F.3d 1147, 1157-59 (11th Cir. 2020) (claim of malicious prosecution).  Appellants have not alleged that the individual officers intentionally or recklessly made misstatements or omissions necessary to support the arrest warrant for Lewis; thus, their malicious prosecution claim fails.  Likewise, the district court properly dismissed the false arrest claims because the officers had probable cause to arrest Lewis.  *See Myers v. Bowman*, 713 F.3d 1319, 1326 (11th Cir. 2013) (evidence of probable cause is an absolute bar

to false arrest claims).  As to the conspiracy claim, the record demonstrates that the Appellants failed to show that the officers and the IHOP employees "reached an understanding" to deny Lewis his constitutional rights. *See NAACP v. Hunt*, 891 F.2d 1555, 1563 (11th Cir. 1990).

Appellants also contend on appeal that the district court erred in dismissing the state law claims of false imprisonment, malicious prosecution, intentional infliction of emotional distress, and assault and battery against the individual officers.  The district court determined that the Appellants failed to allege any facts showing that the individual officers acted with actual malice, and, thus, the officers were entitled to official immunity under Georgia law. *See e.g., Murphy v. Bajjani*, 647 S.E.2d 54, 60 (2007) (explaining actual malice for purposes of official immunity).  The record supports the district court's determination, and, thus, we conclude that the district court properly dismissed the state law claims against the individual officers.

### B.  Ante Litem Notice

Appellants contend that the district court erroneously dismissed their § 1983 and state law intentional tort claims against the City due to their failure to serve a proper ante litem notice. *See* Ga. Code § 50-21-26 (2022) (providing that a party cannot bring an action against the State without giving notice of the claim and its intent to litigate).  A review of the record demonstrates that this assertion is incorrect.  The district court's order clarifies that the only claim the district court dismissed for improper ante litem notice is

one claim for negligence against the City: a state law claim for negligent hiring and retention against the Chief of Police in his official capacity and the City. In a further order, the district court reiterated that it dismissed only one claim based on the improper ante litem notice requirement. Thus, the record demonstrates that the Appellants' claim is meritless.

### C. Consideration of Police Officers' Videos

The Appellants argue that the district court improperly considered the officers' body camera videos without viewing and considering their witness camera footage. The record shows that the Appellants specifically incorporated by reference the witness video in their amended complaint and incorporated by reference the officers' body camera video. The district court did consider both because it alluded to both videos in its orders. Further, the district court could consider any documents attached to the Rule 12 motion if the attachment was central to one of the claims and its authenticity was undisputed. *See Horsley v. Feldt*, 304 F.3d 1125, 1134-35 (11th Cir. 2002) (discussing incorporation by reference doctrine). The Appellants have never challenged the authenticity of any video submitted to or considered by the district court nor have they argued how the witness video casts the facts differently than the officers' body camera video. Thus, the Appellants fail to demonstrate any error by the district court in its consideration of the videos.

### D. Use of Force standard

The Appellants claim that the district court improperly relied on *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865 (1989), to

analyze their claim of excessive force under the Fourth Amendment rather than the Fourteenth Amendment substantive due process provision. The record shows that the district court determined that the officers had probable cause to arrest Lewis, regardless of whether he had, in fact, committed a crime. The Appellants do not demonstrate any error with respect to the district court's probable cause analysis, and Georgia law shows that the conduct of which Lewis engaged establishes probable cause to arrest a suspect for obstruction of justice. *See Draper*, 369 F.3d at 1277 ("By repeatedly refusing to comply with [the officer's] reasonable instructions, and by acting belligerently and confrontationally, Draper hindered [the officer] in completing the traffic stop. Thus, [the officer] had ample probable cause to arrest Draper" for willful obstruction of an officer in the lawful discharge of his duties.). Thus, we conclude that the district court properly analyzed the use of force claim under the Fourth Amendment.

## IV.

Accordingly, based on the foregoing reasons, we reverse the district court's order of dismissal regarding the excessive force claim against the individual officers and affirm the district court's order in all other respects against the City, the Police Chief, and the individual officers. We remand this case for further proceedings consistent with this opinion.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**.